LEWIS F. HARRIS, survivor, plaintiff in error, vs. ALFRED G. BARDEN, et al., defendants in error.

The verdict of a jury, not signed by the foreman, on which the Court has given judgment, is good, if in the Inferior Court, and the party defendant has neither moved in arrest of judgment nor appealed.

Debt on Judgment, in Burke Superior Court.   Decision by Judge HOLT, at November Term, 1857.

This was an action of debt brought by Lewis F. Harris, surviving partner of the late firm of Harris & Reilly, against Alfred G. Barden and Amos P. Watkins, on a judgment recovered in Burke Inferior Court, 4th of January, 1843. The judgment was for $300, and interest thereon from 1st May, 1842, and cost of suit, &c.

The action was brought upon a copy of the judgment, established in pursuance of the statute providing for the establishing of lost papers, the originals having been destroyed by the burning of the Court House of Burke county.

The plaintiff offered in evidence, the entire record in the cause, consisting of the petition, process, service by Sheriff, verdict, judgment and certificate of the Clerk of copy established.

To the introduction of which, in evidence, counsel for defendants objected.

1st. Because said record was incomplete, in that it did not contain the original note upon which the judgment was obtained.

2d. Because said record did not contain the names of the jurors by whom the verdict was rendered.

3d. Because said record set forth, that the defendants were sued severally, whereas, in fact, they were in the original declaration, sued as co-partners.

The Court sustained the objection, and excluded the record, upon the grounds that it was imperfect, because no

judgment, except by confession, can be rendered in the Courts of Georgia, but upon the verdict of twelve men, and the record here offered in evidence, did not show that the cause had ever been before a jury. Their names not appearing, not even that of their foreman, to the verdict.

Plaintiff having no further testimony, the Court ordered a non-suit. To which order and judgment, counsel for plaintiff excepted.

JOHN M. GUERARD, for plaintiff in error,

JONES & STURGES, for defendant in error.

*By the Court.*—McDONALD J., delivering the opinion.

The record of the judgment on which the action in the Court below was founded, was tendered in evidence by the plaintiff's counsel, and objected to on three grounds by defendant. The Court ruled it out on the ground, that, it did not contain the names of the jurors by whom the verdict was found. This decision of the presiding Judge, is assigned as error.

The evidence offered, was the record of an established copy of a judgment rendered by the Inferior Court of Burke county. The copy could not have been established regularly, without notice to the defendants. It is not pretended, that they did not have notice. Notice to them, must therefore, be presumed. If the verdict was insufficient, or, if the plaintiff was unable to prove the verdict as it was found by the jury, it ought to have been objected to at that time. If it was not objected to, or if objected to and the objection was overruled, and the defendants did not carry the cause to the Superior Court for the correction of the error, if any, they must be held now to have acquiesced in it.

But it is insisted, that, if the copy be true, then the original judgment was radically defective, not being based on a

Harris vs. Darden et al.

sufficient verdict, and the copy is therefore inadmissible. This objection is based on the mode of proceeding in England. There, whether the trials are at bar or at *nisi prius,* each cause has.its distinct jury, and the names of the jurors appear in the judgment roll. Here, our juries are empanelled differently, and all causes at issue, at one term of the Court, are submitted to juries, summoned and empanelled according to our statutes for the trial of every cause depending between parties litigating at that term. Their names appear on the minutes at the beginning of the term. In no case tried by a petit jury, do the names of the jurors who tried it, appear in the verdict, or annexed thereto. The verdicts are usually signed by a foreman, but, if in any case, that be not done, and the verdict appears in the record without his signature, and a judgment is signed thereupon, it must be presumed that the verdict was satisfactory to the Court, and deemed by it, to be sufficient in form and substance, to warrant the judgment.

We may, indeed, say, that if a cause be tried in the Inferior Court, and a verdict be rendered against the defendant, and he neither appeals therefrom, nor moves in arrest of judgment, and the judgment of the Court be entered up thereon, the verdict must be considered sufficient to warrant the judgment, so far as it is entered in conformity thereto. There is a verdict in the words in this case, and although it is not signed by the jury, or a foreman, as is commonly done, we must presume that it was returned into Court as the verdict of a jury, regularly empanelled and sworn, in a manner satisfactory to the Court, which rendered judgment thereon.

Judgment reversed.