398    SUPREME COURT OF GEORGIA.

Avera *et al. vs.* Tool, McGarra & Toudee; Wilkerson *vs.* The State of Georgia.

## Avera *et al. vs.* Tool, McGarrah & Toudee.

1. On the only plea filed, that the fertilizer, for the purchase price of which suit was brought, was worthless, the evidence was conflicting; there was enough to sustain the verdict, and the presiding judge did not abuse his discretion in refusing to disturb it.

2. In order to maintain a suit for the price of fertilizers, it was not necessary for the plaintiffs to allege and prove that the fertilizer sold had been inspected, tagged and branded; and a motion for non-suit, on the ground of the want of such proof, was properly overruled. The want of inspection, tagging and branding is matter for plea, and the burden of proving it rests on the defendant. Code, §3758.

3. Where a jury were allowed by consent to disperse after finding a verdict, and the foreman was allowed to return it into court on the next morning, if, upon its return, it was found not to have been signed, there was no error in directing the foreman to sign it. The failure to sign it amounted at most to a mere informality, which was properly amended. 17 *Ga.,* 361; Code, §3567; 24 *Ga.,* 92; 14 *Id.,* 18.

Judgment affirmed.

October 2, 1884.

Hall, Justice.

## Wilkerson *vs.* The State of Georgia.

[Jackson, C. J., not presiding, on account of providential cause.]

It is error for the court to cause twelve jurors to be sworn upon their *voire dire* and examined together touching their competency, ordering such as disqualified themselves to stand aside, and putting upon the prisoner each of those pronounced competent, as his name was called. Each juror called should be disposed of and either accepted or rejected before another is presented to the accused; and more than one cannot be examined on their *voire dire* at one time. 65 *Ga.,* 430, 432; 60 *Id.,* 367; Code, §§4681, 4684.

Judgment reversed.

October 2, 1884.

Hall, Justice.