### 691. SOUTHERN EXPRESS COMPANY v. MADDOX et al.

1. While it is the better practice that the jury, after agreeing upon a verdict, should cause it to be written upon the initial pleading, to be dated, and to be signed by one of the jurors as foreman, still none of these details are essential to a legal verdict.
(a) An unsigned verdict is not illegal.  (b) The presiding judge may cause a verdict actually rendered to be signed by one of the jurors as foreman.  (c) The presiding judge may, in his discretion, designate the foreman of a jury.
2. It is the duty of the court, and not of the jury, to assess the costs in an ordinary civil action.

Certiorari, from Fulton superior court—Judge Pendleton.  July 9, 1907.

Argued November 25,—Decided December 9, 1907.

*Philip H. Alston, McDaniel, Alston & Black,* for plaintiff in error.  *C. D. Maddox,* contra.

Powell, J.  The suit was instituted on account of the loss of certain cigars entrusted to the express company in its capacity of common carrier.  The original summons claimed as principal $12.25, as interest $1.11.  The verdict of the jury, as verified by the magistrate, was in the following language: ".We, the jury, find verdict for the plaintiff in the amount sued for, with interest." It was unsigned, when delivered into court, but by direction of the magistrate one of the jurors signed it as foreman.  There is no

complaint that the verdict is contrary to the evidence or is without. evidence to support it; but the grounds of error are: that the court refused to admit certain testimony (which, however, will not be considered in the opinion, since the assignment of error does not. state enough of the particulars of the proposed testimony to show injury as well as error); that the verdict was erroneous, in that it was not signed, and the court directed a member of the jury to sign it; that the verdict does not award costs, and the court therefore had no power to include them in the judgment and execution.

1. While the better practice is that verdicts, after being agreed upon, should be written upon the initial pleading, dated, and signed by one of the jury as foreman, yet none of these details are mandatory. "It is the right of each of the parties, that each juror should agree to the verdict—without this it is no verdict. Not only so, but it is their right to *know* that each juryman has agreed upon the verdict. The only question is, how is it to be ascertained that. the jury have agreed? I reply, it is the duty of the court to see to it that each juror agrees to the verdict, and it is within his discretion [in civil cases; for a poll of the jury can be demanded as a matter of right in criminal cases] to adopt such means as the law and the usage of the courts allow, to ascertain that fact." Per Nisbet, J., in *Smith* v. *Mitchell,* 6 *Ga.* 465. In this State the jury may legally express their agreement through an unsigned verdict. *Roberts* v. *State,* 14 *Ga.* 18; *Harris* v. *Barden,* 24 *Ga.* 72; *Patterson* v. *Murphy,* 63 *Ga.* 281. Even after the jury has been dispersed, the court may allow one of the jurors to sign as foreman a verdict. previously rendered. *Avera* v. *Tool,* 74 *Ga.* 398. While the foreman is usually selected by the jury itself, there is no reason why he should not be designated by the presiding judge. There is an old story current in bar circles, that a few years ago in one county in this State, a jury composed of six Democrats and six Populists, after remaining out three days, came into court and announced an absolute inability to agree. The judge inquired if they were troubled by a question of law or of fact. They replied, "Neither; we have not considered the case; we tied upon the election of a foreman." In such cases, law as well as expediency allows the judge to direct a juror to act as foreman. An interesting description of the common-law practice as to the reception. of verdicts is found in the case of *Roberts* v. *State,* supra.

2. The verdict was not illegal. The amount of principal and interest sued for were definitely set out in the summons; and the pleadings may always be examined to give intendment to the verdict. Costs are not to be awarded in the verdict, but are assessed by the court upon the verdict. *Southern Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734.                          *Judgment affirmed.*