### 4358. McLEAY *v.* CRANE.

HILL, C. J. 1. There was no abuse of discretion in overruling the motion for continuance.

2. While the fact that the names of some of the jurors in a justice's court did not appear on the jury list may have been good ground for challenge before the jury had been impaneled, yet where no objection was made before the trial and no ruling made thereon, it can not be taken ad-

vantage of by certiorari after verdict. *Mitchell* v. *Bradberry*, 76 *Ga.* 15. This objection is propter defectum, and comes too late after verdict. *Jordan* v. *State*, 119 *Ga.* 443 (43 S. E. 679).

3. If a party desires that a verdict rendered at a former trial of the case be concealed from inspection by the jury, he should present a request to the trial judge to this effect. It is too late to make this objection on certiorari and after a second verdict has been rendered. *Smalls* v. *State*, 105 *Ga.* 669 (6), (31 S. E. 571), and citations.

4. The allegations of the petition for certiorari, in so far as they are verified by the answer, are wholly without merit; and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.*

DECIDED NOVEMBER 27, 1912. REHEARING DENIED DECEMBER 10, 1912.

Certiorari; from Fulton superior court—Judge Pendleton. July 1, 1912.

*Morris Macks,* for plaintiff in error.
*Walter A. Sims,* contra.

