### 5674. WALTON *v.* HANCOCK.

1. The judgment or decision of an inspector of foods as to the condition, character, or quality of an article of food, when submitted as evidence, is not entitled to preference over any other testimony submitted in the pending cause, unless the jury, in the exercise of their exclusive prerogative in determining as to the credibility of witnesses, should adjudge the testimony of the official to be of superior weight to the testimony of other persons in conflict therewith. The credibility of a witness is not necessarily affected by the fact that he is in official station.
2. The evidence authorized the verdict, and there was no error in refusing a new trial.

Decided July 7, 1914.

Complaint; from city court of Houston county—Judge Riley. March 10, 1914.

*R. N. Holtzclaw,* for plaintiff in error. *M. Kunz,* contra.

Russell, C. J. This was a suit for the purchase-price of 2,411 melons at 4 cents each. The defendant claimed that the melons were too green to eat when they reached him at Atlanta. They were condemned by an inspector for the board of health of the City of Atlanta. Nevertheless, the jury found a verdict requiring the defendant to pay for the melons, and the judge of the city court refused him a new trial. The defendant's motion for a new trial

is based only upon the general grounds; for the two grounds of the amended motion present only by way of amplified specification, the complaint that the verdict is contrary to the evidence. We quote them: "4th. Because the preponderance of the evidence for plaintiff, J. T. Hancock, in the trial of the case, is not sufficient to incline a reasonable and impartial mind to the side of the plaintiff, J. T. Hancock, rather than to that of the movant. 5th. Because the evidence adduced for plaintiff, J. T. Hancock, is not sufficiently explicit, nor of sufficient weight, to sustain his suit as against the undisputed evidence for the plaintiff [defendant?], to authorize the finding of a verdict for J. T. Hancock."

There was ample evidence, if the plaintiff and the witnesses who testified in his behalf were credible, to authorize the jury to find that the melons were "ripe and all right," and that the plaintiff was entitled to recover. But the point is made that the defendant is relieved from paying, because an inspector of the City of Atlanta passed an order condemning the melons as being unfit to eat; and it is insisted that this "judgment" is conclusive as to the fact that the melons were not up to specifications. If the order of inspector Wasser can be considered as evidence in any sense, its weight must be subjected to the same acid test as that to which all other testimony in the case is subject,—the impartial judgment of the jury. In his order the inspector commanded the defendant to send out of the city as garbage the car of watermelons in question, upon the ground that they were "decayed, or stale;" and we apprehend it was for this reason, rather than because the jury were not duly impressed with the official authority of the inspector, that the finding was in favor of the plaintiff. The defendant contended that the melons were too green; the plaintiff and all his witnesses swore that they were ripe, and their testimony was corroborated somewhat by the statement of the officer, who condemned them not because they were too green, but because they were overripe or "stale."

*Judgment affirmed.*