## 8281.　LYLE v. PRADE.

1. It not appearing that the plaintiff in error voluntarily paid off the judgment after the bill of exceptions was filed, the motion to dismiss the writ of error is denied.

2-7. The verdict was supported by the evidence, and none of the special assignments of error require a new trial.

DECIDED JUNE 27, 1917.

Action for deceit; from DeKalb superior court—Judge Smith. August 29, 1916.

The defendant in error moved to dismiss the writ of error, on the ground that the judgment against the plaintiff in error (the defendant in the court below) had been fully discharged while the writ of error was pending. From affidavits presented by the movant it appears, that after the bill of exceptions was filed, there being no supersedeas, certain shares of stock belonging to the plaintiff in error were levied on under an execution issued on the judgment against him in this case, and at the sheriff's sale one of the shares was bid off for him by his agent, for the full amount of the execution, which he then paid to the sheriff, and the execution was marked satisfied. In an affidavit of the deputy sheriff, who stated that he knocked off the property on the bid made for the defendant, it was stated that "the defendant being the purchaser of his own stock, no certificate as provided by statute was made by the sheriff." A copy of a paper signed by the sheriff, showing the sale of the stock to the defendant, appears in another affidavit, which states that this paper was taken from the sheriff. It was contended by counsel for the defendant in error that there was no actual sale of the stock, that it was not conveyed out of or into the plaintiff in error, and that the payment of the execution was voluntary, and left only a moot question before the court. In support of the motion the following cases were cited: *Ivey* v. *Payne*, 136 *Ga.* 519; *Burkett* v. *Dunlap*, 9 *Ga. App.* 671; *Bond* v. *Long*, 133 *Ga.* 639. Opposing counsel cited: Civil Code (1910), § 6165; *Richmond & Danville R. Co.* v. *Buice*, 88 *Ga.* 180; *Hudson* v. *Alford*, 118 *Ga.* 669.

*Lawton Nalley, Leslie J. Steele,* for plaintiff in error.

*Westmoreland & Westmoreland, Mark Bolding, Alonzo Field,* contra.

GEORGE, J.  Prade filed suit against Lyle, alleging, in substance, that on July 13, 1912, the plaintiff bought from the defendant ten shares, of the par value of $100 each, of the capital stock of the Milledgeville Hardware Company, a corporation with its principal place of business in Milledgeville, for which he paid the defendant the sum of $1,250; that at the time of the trade Lyle was a stockholder and director and the president of the company; that the purchase of the stock was made in the city of Atlanta, more than 100 miles distant from Milledgeville; that the plaintiff had no opportunity to investigate the truth of the statements made him by the defendant, which, he alleged, induced him to purchase the stock; that he relied upon the defendant's statements, having known him intimately for a number of years and being acquainted with his general business qualifications; that the defendant's representations to him were as follows:  The Milledgeville Hardware Company commenced business about the year 1909, with a capital stock of $6,000 fully paid in; it had bought out an established hardware business in Milledgeville, and had earned large dividends from the time it commenced business; in the year 1910 it earned and paid a dividend of 20%, in the year 1911 a like dividend of 20%, and in June, 1912, it declared a dividend of 10% to be paid on November 1 of that year; a statement of the assets and liabilities of the said business, made on June 1, 1912, and showing a surplus of assets over and above all liabilities, including capital stock, of more than $5,000, was true; the business was in a flourishing condition; the stock was worth more than $125 per share; Lyle was the president of the company, and had been since its organization; he visited the place of business of the company every two weeks, examined the books, and kept up with the business, and the statement of assets and liabilities was true, and it was impossible for anything to go wrong in the said business without his (defendant's) knowing it.  It was alleged, that at the time the plaintiff purchased the ten shares from the defendant the stock was absolutely worthless, and it was never worth anything after the purchase; that the defendant, at the time he sold the stock to the plaintiff, knew that it was worthless; that in the exercise of ordinary care he should have known that it was worthless, yet he stated positively to the plaintiff that it was worth $125 per share; that this statement was false, to the knowledge of the de-

fendant, and was fraudulently and recklessly made, without . regard to the truth, and for the purpose of inducing the plaintiff to purchase the stock; and that the stock bought by the plaintiff was never issued by authority of the corporation. It was alleged that in July, 1913, the defendant informed the plaintiff that the secretary and general·manager of the company's business had misappropriated the funds of the corporation, that the period of his misappropriation covered two or three years, and that the misappropriation amounted to something more than $6,000; that the corporation was greatly in debt, and was unable to pay its liabilities for goods bought; and that on December 4, 1913, the defendant, as president of the company, filed a voluntary petition in bankruptcy for the corporation, with a schedule of assets and liabilities, from which it appeared that the liabilities of the company amounted to more than $18,000, and the assets to a little more than $11,000.

The defendant filed an answer, in which he admitted that he was a stockholder and director and the president of the Milledgeville Hardware Company, and that the company declared a 20% dividend in the year 1910, and a like dividend in 1911, and a 10% dividend in 1912; but he denied that he had stated to the plaintiff as a fact that the dividends declared had been earned. He admitted that he exhibited to the plaintiff a statement made by the secretary and treasurer of the company at the June meeting, 1912, but averred that he believed this report to be true in every respect. He denied that the sale of the stock was unauthorized by the company, and alleged that the sale was made by him for the company, and not in his individual capacity. He denied that he knew that the stock was worthless; on the contrary he asserted that he believed it to be of the value shown by the statement of June, 1912. The answer contained a copy of the statement made by the secretary and treasurer of the company in June, 1912, and a copy of the annual report showing the condition of the business at the end of the fiscal year 1913, during which the plaintiff was a stockholder in the company. The defendant in his answer further alleged that the stock was worth par, or above par, in July, 1912; that the business was then in a good condition, and that the losses which finally resulted in the bankruptcy of the business occurred after Prade purchased the ten shares of stock.

The evidence was in conflict on the material issues in the case. The plaintiff testified substantially to all the facts alleged in his petition. Wallace, the secretary and treasurer of the company and general manager of its business, testified that on June 13, 1912, the stock purchased by the plaintiff was absolutely worthless. The facts upon which the witness based his opinion appear in the evidence. He further testified, in substance, that the business was in good condition up to the year 1912, but business mistakes had been made in 1911, and were repeated in 1912 and prior to July of that year; that the defendant knew of the exact condition of the business, because the witness had frequently gone over the affairs of the company with him; that he knew that in July, 1912, the company owed a large sum of money; that of this indebtedness several thousand dollars were due to Beck & Gregg Hardware Company, a concern for which the defendant traveled, and this indebtedness was past due; and that the general affairs of the Milledgeville Hardware Company were in bad condition, to the knowledge of the defendant. The plaintiff offered in evidence the bankruptcy proceedings instituted by the defendant in behalf of the Milledgeville Hardware Company. There was other evidence from which the jury was authorized to conclude that the company had been in ill condition since the time of its organization. Further recital of evidence offered in behalf of the plaintiff is unnecessary. The defendant testified substantially to all the facts set up in his answer, and offered other testimony tending to establish his contentions. The verdict was for the plaintiff. The trial court overruled a motion for new trial, and the defendant excepted.

1. It not appearing that the plaintiff in error voluntarily paid off the judgment after the bill of exceptions was filed, the motion to dismiss the writ of error is denied.

2. Upon the general grounds of the motion for new trial it is sufficient to say that the verdict in favor of the plaintiff is supported by legal evidence. The evidence would have warranted a verdict for the defendant; but, the jury having returned a verdict against him, and there being sufficient legal evidence to authorize it, this court has no right to set the verdict aside. Citation of authority upon this point is unnecessary.

3. The first special assignment of error is upon the following

charge of the court: "Under the law you are the exclusive judges of the credibility of the witnesses, and in passing upon the credibility of witnesses you will take into consideration who they are, their manner of testifying on the stand in your presence, etc." It is insisted that this charge was error, because, in passing upon the credibility of a witness, the jury have no right to consider who the witness is. This exception is perhaps well taken; but we have quoted the entire instruction excepted to, and we are unable to say that it was harmful to the defendant. As an abstract statement it may be incorrect; but it requires no argument to show that this court would wholly transcend its proper function should it declare this statement of the law to be not only erroneous but harmful, and not only harmful but harmful to the losing party, and of such consequence as to require a new trial.

4. The 2d, 3d, 4th, 5th, 6th, 8th, and 9th special assignments of error are based upon certain instructions of the court to the jury. The several excerpts set out in these grounds are nothing more than code sections dealing with the question of fraud, actual and constructive. The precise language of these instructions may be found in sections 4622, 4623, 4625, and 4626 of the Civil Code of 1910. The ground of exception is that they were inapplicable to the issues involved in the case, under the pleadings and the facts appearing in the record. It is contended that the action was for deceit, and that the basis of the action was false and fraudulent statements within the knowledge of the defendant. In this respect it will be noted that the plaintiff in error has not fully stated the case made by the plaintiff in his petition. The petition alleged, that certain statements were made by the defendant; that they were false within the knowledge of the defendant; that they were fraudulently and recklessly made, without regard to the truth; and that the exercise of ordinary diligence on the part of the defendant would have disclosed their falsity. A careful examination of these instructions shows that the judge did not instruct the jury that the plaintiff would be authorized to recover upon proof of fraud, actual or constructive. The entire charge of the court is not in the record. It was not specified as material to an understanding of the errors complained of. The instructions excepted to, as abstract propositions of law, are correct. They were not wholly inapplicable to the theory upon which the plaintiff based

his action. The evidence authorized the instructions given. Under the facts of this case, so far as they appear from the record, we are unable to say that these instructions, or any of them, require the grant of a new trial. In order to authorize a recovery in an action for deceit, it must appear that there was a wilful misrepresentation of a material fact, made for the purpose of inducing the plaintiff to act, and upon which he did act to his injury. A representation of a fact as true, recklessly made, which the defendant may not know to be false, if intended to deceive, is treated as equivalent to a knowledge of the falsehood, and will support an action for deceit. Mere concealment of a material fact, unless done in such a manner as to deceive and mislead, will not support the action. Knowledge of the falsehood constitutes an essential element. Civil Code (1910), § 4410. Many of the code provisions found under the head of fraud and dealing generally with the question of fraud are applicable in an action for deceit. The instructions excepted to may have been given for the purpose of emphasizing the necessary and essential elements in an action for deceit proper.

5. The 7th special assignment of error is upon instructions quoted as follows: "If you believe by a preponderance of the evidence, or greater weight of the evidence, that the defendant in this case, on or about the 13th day of July, 1912, sold to the plaintiff ten shares of stock of the Milledgeville Hardware Company for $1250, etc." The exceptions to this are as follows: (1) "The evidence of both the plaintiff and the defendant, and for each, as movant contends, shows that the stock was sold by the defendant, not in an individual capacity, but for and in behalf of the Milledgeville Hardware Company, a corporation, to the plaintiff, and this was acceded at the trial." (2) "It expressed an opinion of the court that the fact as stated in the petition, which had been abandoned, was proved as alleged, when in fact the allegation had been abandoned and admitted to be incorrect and not founded in truth." It is apparent that this court can not determine, from the above-quoted portion of a sentence of the charge what the charge really was. It is of no consequence whether the stock sold belonged to the defendant or to the company. One who has been defrauded by false and fraudulent representations as to the value of stock in a corporation has his remedy, in an action for tort,

against all who participated in the fraud. He may sue the agent, or the company itself. *Fouché* v. *Brower*, 74 *Ga.* 251; Scoville *v.* Thayer, 105 U. S. 151 (26 L. ed. 968); *National Exchange Bank* v. *Sibley*, 71 *Ga.* 726. In this connection it will be convenient to dispose of the special assignments of error made in grounds 13, 16, and 17 of the motion for a new trial. These grounds complain of error because of the refusal of the court to admit testimony to the effect that the sale of the ten shares of stock by the defendant to the plaintiff was authorized by the company, and that the stock was issued for the purpose of sale to the plaintiff. The trial judge certifies that when this evidence was offered it was rejected upon the theory that the corporation could speak only through its official minutes, but that later the objection urged was withdrawn, and counsel for the defendant was given the privilege of introducing the evidence. The certificate further recites that it was then conceded by counsel for both parties that there was no longer any question as to the authority to issue the additional stock; and that the court did not charge the jury on this allegation of the original petition. The assignments of error as to the charge quoted in ground 7 of the motion for a new trial demonstrate the harmlessness of the court's ruling in rejecting this evidence.

6. The 10th special assignment of error is upon the following part of the charge of the court: "But if the defendant recklessly, and without inquiring into the facts or exercising ordinary diligence to know the facts, and without knowledge of the facts, recklessly made representations to the plaintiff to induce him to buy this stock, and these representations were false, and the plaintiff acted upon them, you will be authorized to find in favor of the plaintiff." This principle of law was directly applicable to the issues involved in the case, even conceding that the action was for deceit. The petition directly alleged that the defendant, in the exercise of ordinary diligence, should have discovered the falsity of the statements alleged to have been made by him with reference to the value of the stock. He can not justly complain of this instruction of the court, since he failed to file a demurrer, either general or special, to the petition. In this connection it is convenient to dispose of the assignments of error contained in ground 12 of the motion for a new trial. Exception is here taken to the admission in evidence of the bankruptcy proceeding filed by the defendant

on behalf of the Milledgeville Hardware Company. It was filed on December 4, 1913, and the condition of the company as disclosed by the bankruptcy proceeding was of some relevancy upon the condition of the company on July 13, 1912. If wholly irrelevant, the 7th paragraph of the plaintiff's petition expressly alleged the bankruptcy of the Milledgeville Hardware Company, and the filing of its petition in bankruptcy by the plaintiff in error on the 4th day of December, 1913. No demurrer whatever was filed, and it was the right of the plaintiff to prove the allegations made in his petition.

7. In grounds 14, 14 (a), and 15 of the motion for a new trial error was assigned upon the rejection by the court of certain testimony offered by the defendant during the trial of the case. This testimony was properly rejected. So far as appears from the grounds of the motion for a new trial, no material error of law occurred upon the trial of the case. The judgment will be

*Affirmed. Wade, C. J., and Luke, J., concur.*