*Etheridge, Sams & Etheridge,* contra.

---

## 14019.  SULLIVAN *v.* THE STATE.

Where two parties are jointly indicted and one of them is on trial, a verdict which reads, " We, the jury, find the defendant guilty.  W. H. Cook per H.," is sufficiently definite without naming the defendant on trial, and the verdict is not affected by the fact that the name of this defendant is later written therein by direction of the court; nor is the verdict " a nullity and void " because the words " W. H. Cook per H. " followed the word " guilty," even though the solicitor-general read the verdict as though it were signed " W. H. Cook, foreman;" nor should the judgment rendered thereon be arrested because of what is above stated.
DECIDED JANUARY 11, 1923.

Indictment for misdemeanor; from Fulton superior court — Judge Humphries.  August 12, 1922.

The plaintiff in error was tried under an indictment charging him and another with having in possession corn whisky.  In open court, in the presence of the accused and his counsel, the jury returned a verdict as follows: " August 3, 1922.  We, the jury, find the defendant guilty.  W. H. Cook per H."  At the time that it was received no point was raised as to the regularity or legality of the verdict.  After the verdict was received, but exactly at what time is a disputed question, at the suggestion of the solicitor-general and by direction of the court, the name of the defendant Fred Sullivan who was tried  was inserted by the deputy clerk in the verdict between the words " defendant " and " guilty ".  Following this the accused filed a petition in which it was alleged that the solicitor-general in publishing the verdict read it as though it

were signed " W. H. Cook, foreman," and charged that because of the way the verdict was signed, and the erroneous reading of it, and because of the insertion therein of the name " Fred Sullivan ", which it is insisted was done after the accused had been carried from the court room and in his absence, the verdict " was a nullity, void, and of no force," and that the judgment should be arrested because " the same is not based upon a legal verdict, and is not based on the alleged verdict that was rendered and read to your petitioner in open court." After hearing evidence on the issues raised by the petition, the judge denied the motion to arrest the judgment, and directed that accused begin the service of the sentence imposed upon him. The accused excepted.

*R. R. Jackson, John F. Echols,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) There is no statute law in Georgia which requires that the verdict of a jury be in writing and signed by one of the jury as foreman. In *Southern Express Co.* v. *Maddox,* 3 *Ga. App.* 224 (59 S. E. 821), Judge Powell said: " While the better practice is that verdicts, after being agreed upon, should be written upon the initial pleading, dated, and signed by one of the jury as foreman, yet none of these details are mandatory. ' It is the right of each of the parties, that each juror should agree to the verdict — without this it is no verdict. Not only so, but it is their right to *know* that each juryman has agreed upon the verdict. The only question is, how is it to be ascertained that the jury have agreed? I reply, it is the duty of the court to see to it that each juror agrees to the verdict, and it is within his discretion [in civil cases; for a poll of the jury can be demanded as a matter of right in criminal cases] to adopt such means as the law and the usage of the courts allow, to ascertain that fact.' Per Nisbet, J., in *Smith* v. *Mitchell,* 6 *Ga.* 465. In this State the jury may legally express their agreement through an unsigned verdict. *Roberts* v. *State,* 14 *Ga.* 18; *Harris* v. *Barden,* 24 *Ga.* 72; *Patterson* v. *Murphy,* 63 *Ga.* 281. Even after the jury has been dispersed, the court may allow one of the jurors to sign as foreman a verdict previously rendered. *Avera* v. *Tool,* 74 *Ga.* 398. While the foreman is usually selected by the jury itself, there is no reason why he should not be designated by the presiding judge." In *Livingston* v. *Taylor,* 132 *Ga.* 8 (63

S. E. 697), the Supreme Court said: " It is not essential that a verdict openly presented and read in open court be signed. . . But it is necessary, for an unsigned finding of a jury to become effectual as a verdict, that it be declared as their verdict in open court." In *Roberts* v. *State,* 14 *Ga.* 19, Nisbet, J., delivering the opinion for the Supreme Court, said: " The grounds relied upon in this bill are not sufficient, either to arrest the judgment, or for a new trial. We have no statute law describing the form of delivering the verdict of a jury. Our usage is to write the verdict on the indictment — which being signed by the foreman, is handed to the solicitor-general in open court after the jury has been called; and when publicly read, is recorded. This form is in substance that of the criminal law, and we cannot advise any departure from it. Yet, when in substance and effect it is observed, even if there be a literal departure, we will not regard *that* as warranting a new trial, much less an arrest of judgment. In England the verdict is given in *orally.* The *oral* tradition grew out of the unclerkly character of jurors in early times. And now we see no objection to it, inasmuch as it is happily adapted to the free and uncontrolled expression of the mind of the jury, and affords, by reason of its openness and audibility, safe guarantees against conception [ ?] in any form, or from any quarter. The clerk then receives the verdict from the lips of the foreman and records it — being recorded it is read to the jury and their assent invoked, and when that is given it stands. The form of procedure is as follows: The jury having returned into their box, the clerk calls the jury each by his name, and then asks them whether they have agreed on their verdict, to which they reply (if the fact be so) in the affirmative. He then demands who shall say for them, to which they answer their foreman. This being done he desires the prisoner to hold up his hand, and addresses the jury thus: ' Look upon the prisoner, you that are sworn; how. say you; is he guilty of the felony whereof he stands indicted, or is he not guilty?' He then writes the word guilty, or not guilty, as the verdict is, after the words ' pro se ' on the record, and again addresses the jury thus: ' hearken to your verdict as the court hath recorded it; you say that A. B. is guilty (or not guilty) of the felony whereof he stands indicted, and so say you all.' Assent being given the verdict is delivered. (1 Chitty's Crim. Law, 518). This process identifies

the jury and the prisoner, and the offence — ascertains unanimity — and is a public and a solemn promulgation of the finding. The foreman is the spokesman of the jury by their own election, and the usage of the courts has given him legal sanction to his character as such. He who acts as foreman, is presumed to be *the* foreman by choice of the jury. In the case before me the verdict was written on the indictment, but not signed — it was handed to the State's officer by one of the jury, after the jury was called. He was in that act to be recognized as foreman. Whether he was or was not foreman, however, we hold to be unimportant; for we do not think that the validity of the verdict depends upon the fact of there being a foreman to the traverse jury at all. The verdict thus written was publicly read — read in the hearing of the whole jury. It was their act by assent, no objection being made to the verdict. The prisoner had the right to poll the jury — his counsel was asked after seeing the verdict, if he desired to poll them, to which question a negative response was given. After it was read, and not until then, it was ordered to be recorded, and it appears on the record in immediate connection with the list of the jury, as the verdict of that jury in the case, which is also stated on the record. Without doubt, this record would fully sustain a plea of autrefois convict." Much of the formality referred to in the foregoing opinion has been dispensed with in modern practice.

As was said in the *Roberts* case, supra, without doubt, the record in this case would fully sustain a plea of autrefois convict. Section 1059 of the Penal Code of 1910 is as follows: " On the trial of all criminal cases the jury shall be the judges of the law and the facts, and shall give a general verdict of ' guilty ' or ' not guilty '. Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." In a case such as the one under consideration the only legal verdict that could be returned is one of " guilty " or of " not guilty ". Was the verdict in this case a proper one? It was one of the two possible verdicts that could have been rendered, and was clear and definite. " We, the jury, find the defendant guilty " is all that is required when the verdict is announced by the jury in open court and in the presence of the accused and his counsel. In the case of *Maloney* v. *Harkey, Ga. Dec.,* Part 2, 159, in which a verdict in a justice's court was signed " Joshua, foreman," it

was held that " the omission of the foreman of the jury to sign his name in full to the verdict, when the parties were present and no objection made, is not ground of error." In discussing this the court said: " Whether this is the correct, or only, name of the juror, who acted as foreman, does not appear; nor has the court any means of ascertaining. But, suppose there had been an omission of the foreman of the jury, to sign his name in full. If the case was tried by a competent jury, and a verdict returned, and received by the court, in the presence of the parties, and no objection made, at the time, I do not think that so trifling an omission as this ought to vitiate the proceedings; especially, when we take into consideration the manner of doing business in the Justice's court." In *Harris* v. *Barden, 24 Ga.* 72, McDonald, J., speaking for the court, said: " In no case tried by a petit jury do the names of the jurors who tried it appear in the verdict, or annexed thereto. The verdicts are usually signed by a foreman, but if in any case that be not done, and the verdict appears in the record without his signature, and a judgment is signed thereupon, it must be presumed that the verdict was satisfactory to the court, and deemed by it to be sufficient in form and substance to warrant the judgment." In *Avera* v. *Tool, 74 Ga.* 398 (3), the Supreme Court held that the failure of the foreman to sign a verdict " amounted at most to a mere informality which was properly amended." See *Patterson* v. *Murphy, 63 Ga.* 281 (2); Civil Code (1910), § 5695.

If the failure to sign a verdict is " a mere informality ", assuredly the method of signing adopted in this case could not be more than " a mere informality ", and could not affect the substance, the vital part, of the verdict. An unsigned verdict properly returned being good, one returned as was the verdict in this case would not be vitiated by reason of the fact that the word " foreman " was omitted. The verdict was good without the addition thereto of " W. H. Cook per H.," and this addition to the verdict did not render it void. " Utile per inutile non vitiatur." In addition to what is hereinbefore said, the record shows that W. H. Cook was elected foreman of the jury; that the verdict of guilty was unanimously agreed upon; that he could not see to write the verdict; that another in his presence and at his instance wrote the verdict for him, and this was, under a well-recognized principle

of law, his act. *Merchants & Farmers Bank* v. *Johnson*, 130 *Ga.* 661 (1), 663 (61 S. E. 543, 27 L. R. A. (N. S.) 969, 14 Ann. Cas. 546), and cases cited. Moreover, Cook acted as foreman, and brought the verdict into open court and delivered it to the solicitor-general. " He who acts as foreman is presumed to be *the* foreman by choice of the jury." *Roberts* case, supra. But it is insisted that it was error for the court to allow the name of the defendant on trial to be inserted in the verdict. No effort was made to change the substance of the verdict. The object of inserting in it the name of the person on trial is purely for the purpose of identification, and " where one of the defendants only is on trial, a general verdict of guilty applies to him, and is sufficiently certain without naming him as the defendant who is on trial." *Thurmond* v. *State*, 55 *Ga.* 599. See also *Davis* v. *State*, 153 *Ga.* 155 (112 S. E. 280), and cases cited. Under the ruling in these cases the verdict was sufficiently certain to identify the defendant and be the basis of a judgment against him, and needed no amendment. The change in the verdict was not, therefore, harmful to him. The verdict of the jury was " guilty," the solicitor-general so announced it, and, conceding that he read the verdict as though the word " foreman " followed the name " W. H. Cook," this could not have been harmful to the accused. The verdict was definite, covered the issues in the case, was received in open court and in the presence of the accused and his counsel, and nothing that happened afterwards would afford a sufficient reason for declaring it void. The sentence was regular, was signed at the term in which the verdict was rendered, and, the judgment being based upon a legal verdict, the trial judge properly overruled the motion to arrest the judgment.

The above rulings cover all the assignments of error insisted upon in the brief of counsel for the plaintiff in error and argued before this court, and are not in conflict with any of the cases cited by the plaintiff in error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*