33842. EQUITABLE CREDIT CORPORATION *v.* STATE OF GEORGIA, etc., *et al.*

CARLISLE, J. 1. Where, in a condemnation proceeding under provisions of Code § 58-1021, there has been an intervention by the holder of the legal title to the automotive truck sought to be condemned, and the court, on July 13, 1951, sitting as judge and jury, finds in favor of the intervenor's lien and enters the following judgment: "The intervention and claim filed by Equitable Credit Corp. of Georgia coming on for trial and after hearing evidence and argument therein, it is hereby considered, ordered, and adjudged by [that?] claimant does have a valid lien against . . [the truck] in the sum of $1147.20, and it is further ordered and adjudged that the said truck be condemned and sold and that the intervenor and claimant be paid from the proceeds of said sale the sum of $1147.20, the balance if any from said to be disbursed under order of the court. Let said truck be advertised for ten days as provided by law. It is ordered and adjudged that judgment is rendered for costs against the plaintiff in condemnation proceedings"; and the State on August 23, 1951, files a motion "to vacate, set aside, and modify" such judgment of July 13, 1951, "entered during the present term of court"; and it is alleged in such motion that the truck had been sold at public auction on August 20, 1951, for $1035, which sum is in the hands of the sheriff, and that there remain unpaid in the case accrued court costs in the amount of $131, including a bill for the storage of the truck in the amount of $87, and such costs should be paid before disbursement of the remainder of the sale price, and it is prayed that an order be entered in the case, directing the sheriff to pay such costs and

pay the remainder to the intervenor; and a rule nisi is issued thereon—the trial court, in the exercise of its discretion, does not err in overruling the intervenor's general demurrers and oral motion to dismiss the motion "to vacate, set aside, and modify" the prior judgment rendered during the same term of court. During the term at which it was rendered a judgment is in the breast of the court, and for this reason the court has plenary control of it and may amend, correct, modify, or supplement it, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate it, as may in its discretion seem necessary. *Milton* v. *Mitchell County Electric Membership Assn.*, 64 *Ga. App.* 63 (12 S. E. 2d, 367); *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823); *Methodist Episcopal Church, South*, v. *Decell*, 60 *Ga. App.* 843, 849 (5 S. E. 2d, 66); *East Side Lumber &c. Co.* v. *Barfield*, 193 *Ga.* 273 (18 S. E. 2d, 492).

2. Nor does the court err, under the circumstances indicated in the preceding division of this opinion, in entering the following judgment: "The rule nisi granted August 23, 1951, on the written motion of . . [the State], coming on for hearing, after hearing evidence and argument, it considered, ordered and adjudged by the court that the order of July 13, 1951, be and the same is hereby modified to the following extent: That from the proceeds in the hands of the sheriff, which it is made to appear to the court as being $1035, there be paid by the sheriff $44 costs, the additional sum of $87 storage, which is adjudged and decreed to be a part of the costs, and such additional sums as costs as may have accumulated to the time of the carrying out of this order, and the balance, if any, is to be paid to Equitable Credit Corporation of Georgia. This 30th day of August, 1951"—where it is made to appear that, although the intervenor in its petition prayed for the surrender of the truck itself, it acquiesced in the condemnation and sale of the truck by the sheriff by its failure to except to the judgment of July 13, 1951, which so ordered; and this is true notwithstanding the court tried the case, sitting as judge and jury. The assessment of costs constitutes no part of a verdict, but is one of the duties of the court. *Southern Express Co.* v. *Maddox*, 3 *Ga. App.* 223, 225 (59 S. E. 821); *Swope* v. *McKenney*, 36 *Ga. App.* 168 (136 S. E. 89).

3. Nor does the provision of Code (Ann. Supp.) § 58-2107 (g), which reads, "The holder of any bona fide lien on the property so seized shall be protected to the full extent of his lien," alter the case, under the circumstances indicated in the two divisions of the opinion.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 7, 1952.

*Robert T. Efurd, Alford Wall,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall, Loy Milam, C. O. Murphy,* contra.