41426, 41427.　FAUST v. THE STATE (two cases).
41428, 41429.　BELLEW v. THE STATE (two cases).

PANNELL, Judge. 1. Where the only witness who testified in the case was a witness for the State, and evidence had been admitted as to his experience and positions he had held as a police officer, and there is an exception by the defendant to the following charge: "Now, in passing upon the force, weight and credit to be given to the testimony of the witness the State has brought before you, you are authorized to look to the manner and demeanor of the witness as he has appeared before you on the stand, *the position he occupies,* his interest or want of interest in the case, his intelligence, the nature of the matters concerning which he has testified, the probability or improbability of his testimony, his prejudice or bias if such appears, and finally the personal credibility of the

witness insofar as it may legitimately appear to you in the progress of the trial," "this exception is perhaps well taken; but we have quoted the entire instruction excepted to, and we are unable to say that it was harmful to the defendant. As an abstract statement it may be incorrect; but it requires no argument to show that this court would wholly transcend its proper function should it declare this statement of the law to be not only erroneous but harmful, and not only harmful but harmful to the losing party, and of such consequence as to require a new trial." *Lyle v. Prade,* 20 Ga. App. 374, 377 (93 SE 20), in which a similar charge was given as to credibility of witnesses authorizing the jury to take into consideration "who they are." In considering "the position he occupies" the jury was not instructed to give more or to give less credit because thereof. The position occupied by the only witness in the case was that of police officer. This could show his interest in the success of the prosecution and in this sense could be favorable to him. See *Georgia So. & Fla. R. v. Ransom,* 5 Ga. App. 740 (5) (63 SE 525). The case of *Walton v. Hancock,* 14 Ga. App. 754 (82 SE 309), which holds, "The credibility of a witness is not *necessarily* affected by the fact that he is in official station," which is conceded here, does not require a different ruling. Unless the error here is harmful, no reversal is required. Further, in *Walton v. Hancock,* it was merely decided that the condemnation of a watermelon shipment by an inspector of the Board of Health of the City of Atlanta was not binding on the purchaser and seller as to the condition of the melons, and the credibility of this inspector's testimony was not necessarily affected by this fact to the extent that his testimony was controlling in the case.

2. "Where a defendant is charged in one count of an indictment of the offense of possessing on a stated date liquor on which the tax due the State had not been paid and which did not bear the tax stamps required by law, and in another count of selling the nontax-paid liquor on the same date, and the evidence refers to but a single transaction, it is not error for the court to charge that 'while it would be possible for you to find the defendant guilty of possessing and not guilty of selling, it would, of course, not be possible to find the defendant guilty of selling and not guilty of possessing, as such a verdict would be void and of no effect.'" *Colley v.*

*State,* 111 Ga. App. 756 (143 SE2d 59). Nor is it error in such a case to charge that "without any intimation whatsoever as to what your verdict should or should not be, for that is exclusively a matter within your province, the court has no opinion on the matter, *but if you should find the defendant guilty of selling, of course, it would be necessary to find him guilty of possessing, because it would not be physically possible for him to be guilty of the offense of selling under count 2 without the necessity of finding him guilty of count 1, possessing.* It, of course, would be possible to find the defendant guilty of possessing and not guilty of selling." *Arnold v. State,* 39 Ga. App. 680 (148 SE 283). While in such a case a verdict of guilty of the offense of selling without any finding as to the charge of possessing does not make the verdict void (*Boyd v. State,* 156 Ga. 48, 118 SE 705), such ruling does not make it proper for the court in such a case to charge the jury that they are not required to make a finding on the charge of possessing. It is the duty of the jury to make a finding on both charges and an instruction contrary to this duty would have been error if given. It is, therefore, not error to have failed to do so.

3. At the close of the charge the court, after instructing the jury as to the form of their verdict, stated: "So, gentlemen, whatever your verdict may be, let it be stated in open court by your foreman after you have reached a verdict, *because there are certain entries which cannot be removed from the indictment, and I am of the opinion it would be improper and maybe reversible error by the Appellate Court if I allowed you to see the indictment with these several entries thereon.* So I ask you gentlemen to come out and let your foreman state your verdict when you have reached a verdict." Error is assigned on the italicized portion of the above instructions on the grounds that it was prejudicial, hurtful and harmful to movant because the jury could infer from what the court had told them that said indictment contained data which was adverse to movant and could have influenced the jury in returning a verdict of guilty against her, and contended in connection therewith that the proper procedure would have been for the court to cover or conceal the improper data and allow the jury to have the indictment out with them. We fail to see how these remarks of the court in charging the jury could have influenced the jury into believ-

ing the defendant guilty of the charge made. This instruction to the jury on the indictment was no more harmful than ruling out evidence in the presence of the jury or refusing to permit evidence to be introduced. The indictment was read to the jury and they were fully informed as to the charges against the defendant. It has been held that the refusal to conceal a former verdict from the jury by detaching, covering over or erasure, is no cause for a new trial when proper instructions are given to the jury. *Dawson v. Briscoe,* 97 Ga. 408 (2) (24 SE 157); *Crawford v. State,* 4 Ga. App. 789, 790 (9) (62 SE 501). It has also been held that it is not ground for new trial where a former verdict in the same case was read by the jury, especially where there was no request to erase it or conceal it. *Allen v. State,* 155 Ga. 332 (1) (116 SE 534); *Russell v. Brunswick Grocery Co.,* 120 Ga. 38 (3) (47 SE 528); *McLeay v. Crane,* 11 Ga. App. 815 (3) (76 SE 391); *Ellard v. State,* 46 Ga. App. 345 (167 SE 724); *Kincaid v. State,* 13 Ga. App. 683 (3) (79 SE 770). If the reading of a former verdict by the jury, when properly instructed in reference thereto, is no cause for a new trial, we are unable to see how the charge in the present case, coupled with a refusal to let the jury see the data on the indictment, could be. When the defendant was informed by the court that the indictment was not going out with the jury and made no motion that the data on the indictment be covered or erased and the indictment sent out with the jury and thus invoking a ruling by the trial court, he cannot now complain of the procedure used, even though it be perfectly proper for the court to send the indictment out with the jury during their deliberations, as was held in *Broughton v. State,* 186 Ga. 588 (199 SE 111)

4. Upon application of the above rulings to the above cases before this court, and it appearing that the evidence was sufficient to authorize the verdicts rendered, we must hold that the trial court did not err in overruling the motions for new trial in said cases.

*Judgments affirmed. Bell, P. J., Jordan, Hall and Eberhardt, JJ., concur. Felton, C. J., Nichols, P. J., and Deen, J., dissent. Frankum, J., dissents only to the ruling in Division 3.*

ARGUED JULY 7, 1965—DECIDED OCTOBER 25, 1965—
REHEARING DENIED NOVEMBER 12, 1965.

642

*Rupert A. Brown,* for plaintiffs in error.

*Preston M. Almand, Solicitor,* contra.

NICHOLS, Presiding Judge, dissenting. I must dissent from Divisions 1 and 3 of the majority opinion as well as the affirmance of the judgments.

1. In *Lyle v. Prade,* 20 Ga. App. 374, 377 (93 SE 20) it was recognized that an instruction authorizing a jury to take into consideration *who the witnesses are* in passing upon their credibility was probably error but not reversible error in that case (a civil case with witnesses presented by both parties). In the present case (a criminal case where the sole witness testifying under oath is a police officer) the court erred in instructing the jury to consider the "position he occupies" in determining his credibility. *Walton v. Hancock,* 14 Ga. App. 754 (82 SE 309).

2. The assignment of error dealt with in Division 3 of the majority opinion does not complain of prejudicial remarks made during the trial of the case, but of an excerpt of the court's instructions to the jury and the procedure followed by the trial court. The charge complained of was as follows: "So, Gentlemen, whatever your verdict may be, let it be stated in open court by your foreman after you have reached a verdict, because there are certain entries which cannot be removed from the indictment, and I am of the opinion it would be improper and maybe reversible error by the Appellate Court if I allowed you to see the indictment with these several entries thereon. So I ask you Gentlemen to come out and let your foreman state your verdict when you have reached a verdict." Since, under the law, only the defendant in a criminal case has the right of appeal, it must be presumed that the court and the jury were fully conscious of this fact, and therefore, this charge complained of necessarily inferred that the court was of the opinion that the defendant was guilty, that the jury was going to convict, and that if he permitted the jury to see these writings on the indictment the verdict of guilty might be overturned.

While it is not necessary that the verdict be written and signed by the foreman in order to be valid (*Sullivan v. State,* 29

Ga. App. 377, 115 SE 290) the charge here complained of and the procedure followed by the trial court which prohibited the jury from having the indictment out in the jury room with them while considering the case and implied that entries intending to show the defendant's guilt were written thereon was reversible error.

I am authorized to state that Felton, C. J., and Deen, J., concur in this dissent and that Frankum, J., concurs in the second division thereof.