23317, 23318.   FAUST v. THE STATE (two cases).
23319, 23320.   BELLEW v. THE STATE (two cases).

ARGUED MARCH 14, 1966—DECIDED APRIL 7, 1966.

*Rupert A. Brown*, for appellants.

*Preston M. Almand, Solicitor*, for appellee.

GRICE, Justice.   Two extracts from the charges of the trial court in four related prosecutions for possessing and selling non-tax-paid liquor are the bases for this review.   One of the extracts complained of, which authorized the jury to look to the position which the State's witness occupies in determining his credibility, is involved in all of the cases, two against Thelma Faust and two against Johnny Bellew.   The other  extract, which explained why the indictment was not sent out with the jury, is involved only in case number 23317, against Thelma Faust.

Upon conviction in the City Court of Athens the defendants filed motions for new trial which were denied.   This was affirmed

by the Court of Appeals by a divided court. *Faust v. State,* 112 Ga. App. 638 (145 SE2d 584). The cases are here by grant of certiorari, and will be treated together.

■ The first extract complained of, given in each of the four cases, is as follows: *"Now, in passing upon the force, weight and credit to be given the testimony of the witness the State has brought before you, you are authorized to look to* the manner and demeanor of the witness as he appeared before you on the stand, *the position he occupies,* his interest or want of interest in the case, his intelligence, the nature of the matters concerning which he has testified, the probability or improbability of his testimony, his prejudice or bias if such appears, and finally the personal credibility of the witness insofar as it may legitimately appear to you in the progress of the trial." (Emphasis ours.)

Each defendant urges that the foregoing italicized language was erroneous and harmful in that the court, in singling out the State's only witness and telling the jury that in passing upon the force, weight and credit to be given his testimony they should look to "the position he occupies," authorized the jury to adjudge such testimony to be of superior force, weight and credit because of his official position.

This complaint, as we assess it, is a valid one.

The jury may have understood this extract to instruct them that they could consider the witness's station or standing in deciding whether or not to believe him. We know of no statute or reported decision which authorizes a factor such as this to be considered in determining credibility. Here, this witness was an agent of this State. He was the sole witness for the prosecution, and the defendant in each case offered only his own unsworn statement. Hence, this approbation, given in the extract now under consideration, drew a sharp and unfair contrast for the jury.

This extract was erroneous, and we cannot say that it was not harmful to the defendants.

■ The other extract, complained of in case number 23317 only, was given at the end of the charge. After stating the form of the verdict, the court instructed: "So, Gentlemen, whatever your verdict may be, let it be stated in open court by your foreman after you have reached a verdict, *because there are certain*

*entries which cannot be removed from the indictment, and I am of the opinion it would be improper and maybe reversible error by the Appellate Court if I allowed you to see the indictment with these several entries hereon.* So I ask you, Gentlemen, to come out and let your foreman state your verdict when you have reached a verdict." (Emphasis ours.)

The defendant complains that such instruction was erroneous in that the jury could have inferred from it that the entries referred to contained data which was adverse to her and could have been prejudiced against her. She urges, also, that this language was an intimation of opinion by the court that the defendant was guilty, as otherwise there would be no review by an appellate court.

This complaint, as we evaluate it, is meritorious.

To tell the jury that "it would be improper and maybe reversible error by the appellate court" for the trial judge to allow them "to see the indictment with these several entries hereon" could convey to them the impression that the entries were unfavorable to her. The jury was left in the dark as to the nature of these entries. Just what they were may well have become a matter of speculation to the jury, ranging from the trivial to the substantial and covering a wide range of subjects. Thus they could have been prejudicial and harmful to the defendant. The unknown is often more damaging than the known. As the Roman historian, Tacitus, said almost two thousand years ago, "Whatever is unknown is magnified."

Also, to advise the jury as to the existence of entries and as to possible reversal by the appellate court for allowing them to see the entries could have conveyed the impression that the court itself believed the defendant would be found guilty, since only the defendant can appeal from a verdict in a criminal case. Furthermore, this court has warned against reference to the reviewing courts by court or counsel, except to cite their decisions. *Mitchell v. State*, 22 Ga. 211, 233; *Bryant v. State*, 197 Ga. 641, 655 (30 SE2d 259).

We conclude that the language complained of was reversible error.

*For the foregoing reasons, the judgments of the Court of Appeals are reversed. All the Justices concur.*