## 42687. WALKER v. THE STATE.
(336 SE2d 752)

CLARKE, Justice.

Jerome Walker was indicted and tried before a jury in Fulton County for the murder of his mother and aggravated assault upon his brother. The jury returned a verdict of guilty but mentally ill on each count; he was sentenced to life imprisonment and five years to run concurrently. On appeal he enumerates as error two comments by the trial judge which he contends were improper and prejudicial expressions of opinion by the court. We affirm.[1]

There was evidence that the appellant had been under treatment for mental illness since 1980. Witnesses testified that he stabbed his mother and then attacked his brother who intervened. When police arrived the mother was dead and appellant was taken into custody. Our review of the record and testimony reveals that the verdict of the jury was authorized by the evidence and that the evidence of guilt was sufficient under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. At the onset of trial after issue had been joined the court inquired if the state was seeking capital punishment to which the assistant district attorney replied in the negative. We have held that a statement of this nature in a murder case is not error and the enumeration is without merit. *Stewart v. State,* 254 Ga. 233 (326 SE2d 763) (1985).

2. The second comment enumerated as error occurred during the charge of the court to the jury. During the charge, the court interrupted the charge and said the following to a juror: "Sir, are you able to listen with your eyes closed? It's very important that you listen. I realize it's dull and that sort of thing, but the case would be reversed if for any reason you didn't hear every part of this charge." No objection or motion was made by counsel and the charge then continued.

Appellant contends that under the authority of *Faust v. State,* 222 Ga. 27 (148 SE2d 430) (1966), the above language requires a re-

---

[1] The crimes occurred on October 5, 1983, and the indictment returned November 8, 1983. The verdict was entered February 7, 1984. An out-of-time motion for new trial was allowed and filed on March 15, 1984. The transcript was certified on May 22, 1984. The motion for new trial was denied on June 12, 1984. An out-of-time notice of appeal was allowed and filed on July 24, 1985. The appeal was docketed in this court on September 18, 1985, and submitted for decision on November 1, 1985.

versal. In that case, the court was instructing the jury that the indictment would not be given to them saying, "I am of the opinion it would be improper and maybe reversible error by the appellate court if I allowed you to see the indictment with these several entries hereon." *Faust* at 29. This court held the language was error because the court implied the entries were unfavorable to the accused; in addition, it was held error to refer to a possible reversal on appeal because this implies an opinion that the accused would be found guilty.

The state contends there was no error here because the court was merely admonishing a juror to pay attention and not all references to an appellate court are error. *Thomas v. State*, 242 Ga. 712 (251 SE2d 294) (1978).

In the case of *Floyd v. State*, 135 Ga. App. 217 (217 SE2d 452) (1975), also relied on by appellant, the defense raised an objection and motion for mistrial at the time of the reference to an appellate court and the opinion holds the trial judge did not sufficiently correct the error to the jury. In this case there was no objection and we have held that to raise an issue of expression of opinion on appeal requires a contemporaneous objection. *Spence v. State*, 252 Ga. 338 (313 SE2d 475) (1984). There being no objection to the inadvertent reference during the court's admonishing a juror and considering the context of the statement and strength of the evidence, we find no grounds for reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 27, 1985.

*Christine A. Van Dross,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.