## 56958. GERVIN v. THE STATE.

MCMURRAY, Judge.

Defendant was indicted, tried and convicted of the offense of forgery in the first degree in five counts in the uttering and delivery of five separate forged checks. He was sentenced to serve a term of five years as to each count to be computed according to law, each count to be served concurrently. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The first enumerations argued by the defendant are concerned with the question as to whether or not the court properly admitted the in-court identification of the defendant. However, no objection was made at the time as each of the witnesses identified the defendant or testified as to photographs, line-up procedures and other identification from photographs taken at the time the bogus checks were passed. A party cannot during the trial ignore what he thinks to be an injustice, take his chance of a favorable verdict and then complain later. Nor can an issue be raised in a motion for new trial which was not

asserted during the trial as a basis for reversal on appeal. See in this connection *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221); *Sanders v. State,* 134 Ga. App. 825, 826 (1) (216 SE2d 371) and cits.

However, considering the totality of the circumstances in which the defendant was identified as to each check which was uttered and delivered, the reliability of the identification in each instance was sufficient to amount to a positive identification of the defendant. The evidence could not possibly create a situation involving a suggestive identification.

No objections were made during the trial or prior to the trial with respect to anything that occurred at a preliminary hearing. None of the enumerations of error complained of here is meritorious. No objection has been raised or has it been shown by the evidence that the cases of United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), or Moore v. Illinois, 434 U. S. 220 (98 SC 458, 54 LE2d 424), would in any way require reversal of this case.

2. As was stated in *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515), the right to counsel is the right to effective counsel, but not errorless counsel and not counsel judged ineffective by hindsight. It is counsel reasonably likely to render and the rendering of reasonably effective assistance. See also *Crawford v. State,* 232 Ga. 71, 72 (1) (205 SE2d 276). This enumeration of error is based on an overly suggestive pre-trial eyewitness identification procedure. We do not feel the evidence disclosed same to be true from the record. This enumeration of error is not meritorious.

3. In an attempt to prove that it was an overly suggestive pre-trial eyewitness identification procedure as to the various persons as witnesses who were involved with the uttering and delivery of the false checks counsel sought the right to compulsory process to prove these allegations in his motion for new trial. First he suggested the oral testimony of witnesses at that hearing. However, the trial court did not allow this and suggested that defendant obtain their testimony by affidavit. Defendant was unable to obtain the affidavits from six witnesses who previously had been subpoenaed because of their

unwillingness to cooperate. Whereupon defendant sought to perpetuate their testimony under authority of Code Ann. § 38-2102 (b) (Ga. L. 1959, pp. 425, 429) by deposition or by interrogatories directed to the witnesses. The trial court at first granted the defendant the right to employ any and all discovery processes otherwise available under Georgia law in aid of his efforts to present evidence in support of his pending motion for new trial. Pending the trial, the case of *Murphy v. State,* 132 Ga. App. 654, 655 (1) (209 SE2d 101), apparently would have authorized the trial court to have issued such an order as above. However, the court rescinded this order at a later date and under the status of the record which fails to disclose as stated in Division 1 above that any objections were raised to the testimony of the witnesses or any claimed constitutional deficiencies existed in the pre-trial procedure before indictment we refuse to reverse the trial court in vacating the earlier order and in denying the motion for new trial whatever the reason the court had for denying the compulsory process to be used in support of the motion for new trial. From our study of the record we do not find same to be meritorious and do not pass upon whether or not compulsory process in the support of a motion for new trial would be authorized in this instance. Furthermore, the defendant bears the burden of showing prejudice to his case under the circumstances here. We find no merit in this complaint. See in this connection *Brown v. State,* 146 Ga. App. 286 (1) (246 SE2d 370); *Seymour v. State,* 144 Ga. App. 32 (240 SE2d 305); *Pryor v. State,* 238 Ga. 698, 706 (5c) (234 SE2d 918); and *Coachman v. State,* 236 Ga. 473, 475 (224 SE2d 36).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 22, 1979 — REHEARING DENIED MARCH 8, 1979 —

*Bowen, Derrickson, Goldberg & West, Thomas McKee West,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Victor Alexander, Jr., Dean R. Davis,*

*Assistant District Attorneys,* for appellee.