60423. ROSSER v. THE STATE.
60424. DEAN v. THE STATE.

McMURRAY, Presiding Judge.

Four defendants were indicted in Troup County for the offense of burglary in that they did enter an auto parts store and garage in Hogansville, Georgia, without authority and with intent to commit a theft therein. Two of these defendants apparently entered a plea of guilty. The other two defendants involved in the above stated cases were tried and convicted and each sentenced to serve a term of 15 years. Case No. 60423 is a direct appeal whereas Case No. 60424 is an appeal following the defendant's motion for new trial, as amended, which was denied. *Held:*

1. The state's evidence discloses that the auto parts business had been burglarized on a certain date and property taken with an approximate value of $1,600, following forcible entry into the building by prying a lock off a door. One of the defendant accomplices testified that he was involved with the defendants in the burglary, had pleaded guilty and received a sentence of 12 years, implicating the other three co-defendants, including the two on trial here. Entry was obtained by the use of a crowbar in pulling the lock off the door. Two of the defendants (the accomplice and another) broke into the building, then left and returned with the other two defendants; and all four entered the building, taking tires, batteries, spark plugs, oil, and transmission fluid, which were hidden across the street. They

then sought to sell some of the stolen articles to another and eventually did sell various articles to other individuals. One of the individuals (an auto garage owner) who purchased some of the stolen articles testified that he purchased some of the articles and in detail corroborated the testimony of the accomplice with reference thereto, contending that he knew the "stolen items" were stolen, but "didn't figure . . . [the stolen stuff] . . . was hot."

In view of the above testimony (which was believed by the jury in finding the defendants guilty), the trial court did not err in refusing to grant a motion for directed verdict at the conclusion of the state's evidence since there was ample evidence for jury consideration, and there is no merit to the general grounds of the motion for new trial inasmuch as there was independent and corroborating evidence tending to connect the defendants with the crime. See *West v. State,* 232 Ga. 861, 865 (209 SE2d 195); *Felix v. State,* 143 Ga. App. 376 (238 SE2d 734).

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendants guilty beyond a reasonable doubt as to the offense of burglary. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916).

2. The jury returned a verdict of guilty. A request to poll the jury was made, and the jury was polled. One juror expressed some reservation as to whether it was still his verdict, although stating to the court that it was the verdict freely and voluntarily given and made in the jury room but that he was "unduly influenced," that is, his answer thereto was, "Yes, sir." He had previously refused to answer the question, "Is it still your verdict?" Again he was asked the same question and he replied, "No, not really." The jury was then ordered to continue their deliberation the next day. Upon the jury's return to the courtroom after deliberation a verdict of guilty was returned, and the jury was again polled, at which time it was the verdict of each of them and still the verdict of each juror.

The trial court did not err in refusing to declare a mistrial when the juror answered that he was unduly influenced in arriving at his verdict. The trial court followed proper established procedure when the jury was ordered to resume deliberations after determining the verdict was not unanimous. See *Hinton v. State,* 223 Ga. 174, 178 (4) (154 SE2d 246) [reversed on other grounds as Anderson v. Georgia, 390 U. S. 206 (88 SC 902, 19 LE2d 1039) because of Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599)]; *Macon Railway and Light Co. v. Barnes,* 121 Ga. 443, 444, 448-449 (5) (49 SE 282); *Person v. State,* 235 Ga. 814, 816 (4) (221 SE2d 587).

3. The trial court did not err in refusing to grant a motion to sever the trial as to the two defendants and in denying this motion did not deny the defendants a fair and impartial trial. See Code Ann. § 27-2101 (Ga. L. 1971, pp. 891, 892; 1972, pp. 618, 619). See *Deuser v. State,* 138 Ga. App. 211, 212 (2) (225 SE2d 758); *Dixon v. State,* 243 Ga. 46, 47-48 (2) (252 SE2d 431); *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856); *Merrill v. State,* 130 Ga. App. 745, 748 (2) (204 SE2d 632); *Wise v. State,* 146 Ga. App. 194 (2) (246 SE2d 6). In consideration of the three criteria set forth in *Cain v. State,* 235 Ga. 128, 129, supra, we find no abuse of discretion with reference to the denial of the motion to sever for the evidence was quite clear with reference to the first name "Jerry," even though two of the defendants named in the indictment had the first name "Jerry."

We have also considered the recent case of *Fleming v. State,* 246 Ga. 90 (270 SE2d 185), with reference to a death penalty case in which the Supreme Court, under its supervisory powers, adopted a mandatory rule in such cases (death penalty) that a defendant and his co-defendants "must be provided with separate and independent counsel." In another portion of that opinion, a footnote at page 92 (footnote 5) is as follows: "We leave for another day the question of multiple representation where the death penalty is not sought by the State." We have read with interest that decision in the consideration of this opinion where counsel for one of the defendants in this appeal pursued a very active role in the trial with particular reference to the cross examination of the accomplice whom he had represented at the time the accomplice pleaded guilty. But even so, we find nothing in this recent decision of the Supreme Court or in the record and transcript which discloses to any degree that the trial court abused its discretion in refusing to sever the trial of these two defendants. Until such time as the rule adopted by the Supreme Court in *Fleming v. State,* supra, is applied to all criminal trials, we find no merit in this complaint.

4. The remaining enumeration of error is concerned with whether one of the defendants' rights to effective counsel as guaranteed by the state and federal Constitutions was denied, which denial resulted in the denial of due process of law. By brief counsel has offered much verbiage in the form of argument. However we find no merit with reference to this point of the appeal. The right to counsel is the right to effective counsel but not errorless counsel and not counsel charged ineffective by hindsight. The defendant is entitled to counsel reasonably likely to render and the rendering of reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515); *Gervin v. State,* 149 Ga. App. 225, 226 (253 SE2d 823); *Jones v. State,* 243 Ga. 820, 830 (12) (256 SE2d 907); *Estes v. Perkins,*

225 Ga. 268, 269 (1) (167 SE2d 588); *Fannon v. State,* 142 Ga. App. 658, 659 (236 SE2d 698). There is no merit in this complaint.
*Judgments affirmed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 3, 1980 — DECIDED NOVEMBER 14, 1980 —

*Wayne Hadden,* for appellant (Case No. 60423).
*Catherine B. Ellis, William T. Brooks,* for appellant (Case No. 60424).
*William F. Lee, Jr., District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.