## 62476. MILLS v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for entering an automobile with intent to commit a theft. Code Ann. § 26-1813.1 (Ga. L. 1976, pp. 186, 187). *Held:*

1. Applying the standard prescribed by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), the evidence, although circumstantial, was sufficient to establish the defendant's guilt beyond a reasonable doubt.

2. The defendant contends when the jury was polled that one of the jurors expressed such uncertainty as to her verdict so as to require the grant of defendant's motion for mistrial. An examination of the transcript regarding what transpired concerning the poll of the juror in question reveals that the juror assented to the verdict of guilty both in the jury room and at the time she was polled. See in this connection *Person v. State,* 235 Ga. 814, 816 (4) (221 SE2d 587) and *Young v. State,* 239 Ga. 53, 60 (236 SE2d 1).

Moreover, as was held in *Macon R. & Light Co. v. Barnes,* 121 Ga. 443, 449 (49 SE 282) where it was contended that a juror did not assent to the verdict: ". . . a motion for a mistrial was not the appropriate remedy, and the court did not err in not granting it. The proper motion would have been, that the verdict be not received and the jury be directed to retire to their room for further deliberation on the case."

No reversible error appears from the trial judge's ruling.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1981.

Larry B. Mims, for appellant.
Thomas H. Pittman, District Attorney, Arthur W. Leach, Assistant District Attorney, for appellee.