69552. McKINNEY v. THE STATE.
(329 SE2d 258)

SOGNIER, Judge.

Appellant was convicted of attempted robbery of a convenience store.

1. Appellant contends the trial court erred by denying his challenge for cause of a prospective juror who was a superior court judge, and had acted previously in appellant's case by issuing two pretrial orders.

The record reflects that the prospective juror/judge issued two pretrial orders in the instant case, and accepted appellant's plea to the charge. Appellant's challenge for cause on these grounds was denied and he exercised a peremptory challenge to have the prospective juror excused. All trials should be kept free from even a suspicion of irregularity, and the nature of potentially prejudicial circumstances obviated the necessity of showing actual prejudice. *Pierce v. Altman*, 147 Ga. App. 22, 25 (248 SE2d 34) (1978). Thus, it was error to deny

appellant's challenge for cause when the prospective juror/judge had acted previously in the same case. However, the error is harmless here, as the judge was challenged peremptorily and appellant did not exhaust his peremptory challenges in order to strike the juror. See *Foster v. State*, 240 Ga. 858, 859 (2) (242 SE2d 600) (1978). Further, the evidence against appellant was overwhelming and it is highly probable that the error in not sustaining appellant's challenge for cause did not contribute to the verdict in this case. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515) (1977).

2. Appellant contends error in the admission into evidence, over objection, of a piece of candy because no chain of custody was established.

The store manager who was the victim of the robbery by appellant testified that she sold six York mint patties to appellant. He departed, returned five minutes later, and robbed the store. When apprehended a few minutes later appellant had one York mint pattie in his pocket, which was the piece of candy admitted at trial. Appellant argues that the candy should not have been admitted without a showing that it was the same candy found in appellant's pocket. This argument is without merit.

Items which are distinct and recognizable physical objects which can be identified by observation are admissible in evidence without first establishing a chain of custody. *Harper v. State*, 251 Ga. 183, 185 (1) (304 SE2d 693) (1983). The York mint pattie was such an item, and thus, was admissible. Any possible error in admitting the piece of candy was harmless, as subsequent to admission of the candy a chain of custody was, in fact, established by a police officer who also positively identified the candy as that which was taken from appellant. Hence, there was no error.

3. Lastly, appellant alleges error in the denial of his motion for a mistrial after the deadlocked jury returned a non-unanimous verdict. The transcript reflects that after more than an hour of deliberations the jury reported it was deadlocked 11 to 1. The trial court then gave the so-called "dynamite charge" (*Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528)) and excused the jury until the following day. The following day the jury returned a verdict of guilty. When the jury was polled the last juror stated the verdict was not his verdict. The court then directed the jury to return to the jury room and resume deliberations on a verdict. A few minutes later the jury again returned a verdict of guilty. When polled, each juror stated this was his or her verdict. Appellant then moved for a mistrial, contending the "holdout" juror was coerced into a verdict. We do not agree.

Under the circumstances here, where it is contended a juror did not assent to the verdict, a motion for a mistrial is not the appropriate remedy and the court did not err by not granting it. The proper

motion would have been that the verdict not be received and the jury be directed to retire for further deliberation on a verdict. *Mills v. State*, 160 Ga. App. 49 (2) (286 SE2d 55) (1981). Since the correct procedure was followed there was no error.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 21, 1985 —

*James W. Hall, Jr.*, for appellant.

*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.