## 42197. McKINNEY v. THE STATE.
### (330 SE2d 884)

CLARKE, Justice.

We granted certiorari to review Division 1 of the opinion of the Court of Appeals in *McKinney v. State,* 174 Ga. App. 78 (329 SE2d 258) (1985). The trial court refused to strike for cause a juror who, as a superior court judge, had presided at McKinney's arraignment and entered an order in the case prior to trial. The Court of Appeals affirmed. In our view, the failure to strike for cause under the facts of this case requires reversal.

A superior court judge was on the panel of jurors for McKinney's case. Defense counsel moved to strike him for cause on the grounds that he had presided over the appellant's arraignment and entered an order in the case. The state objected and opposed the striking for cause because the juror stated he did not remember any facts of the case. The trial court ruled the juror was qualified. The Court of Appeals held that it was error to deny the challenge for cause and we agree. However, the Court of Appeals held that since the juror was stricken with a peremptory challenge there was no harm and reversal was not required. A review of the record reveals that the conviction must be reversed.

The record affirmatively shows that the defense used a peremptory strike on the judge. The record also reflects that the defense exhausted all of its peremptory strikes before a full jury panel of twelve was seated, and was forced to accept a juror without the benefit of peremptory challenge. We have held that when a defendant in a felony case has used all of his peremptory strikes before a jury is selected and was forced to use a strike on a juror who on objection should have been stricken for cause, the error is harmful and requires reversal. *Bradham v. State,* 243 Ga. 638 (3) (256 SE2d 331) (1979); *Hutcheson v. State,* 246 Ga. 13 (2) (268 SE2d 643) (1980).

Applying the law to the facts of this case, the conviction must be reversed.

*Judgment reversed. All the Justices concur, except Gregory, J., who concurs specially.*

GREGORY, Justice, concurring specially.

I concur in this opinion for the reasons stated in my special concurrence in *Blankenship v. State,* 247 Ga. 590, 597 (277 SE2d 505) (1981).

DECIDED JUNE 27, 1985.

*James W. Hall, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.