43654. COLEMAN v. THE STATE.

(348 SE2d 632)

</div>

MARSHALL, Chief Justice.

Appellant, Simon Coleman, Jr., was convicted by a jury for the murder of Janie Pearl Crumbley and sentenced to death. We reverse.[1]

1. Coleman argues that the trial court erred by refusing to give the appellant's written request to charge voluntary manslaughter.

"A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of

---

[1] Coleman was sentenced to death October 18, 1985. He filed a motion for new trial November 14, 1985, which was heard April 30, 1986, and denied May 28, 1986. A notice of appeal was duly filed, and the case was docketed in this court July 3, 1986. The case was orally argued September 16, 1986.

a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder." OCGA § 16-5-2.

The evidence in this case shows that Coleman and the victim lived together. They argued violently the evening prior to the homicide, and Coleman left. He returned the next day, and the two again argued. According to Coleman, the victim attacked him with a butcher knife. In the ensuing struggle, Coleman obtained possession of the knife, receiving a number of cuts to his hands in the process, and the victim fled the house. Coleman chased after her. Coleman testified that he could not remember catching and stabbing the victim.

It is not disputed that when he was arrested, Coleman's hands were bloody and that he had a number of cuts on the inside of his palms and along his fingers, including one major laceration on his right hand which required six stitches, and a less serious one on his left hand which took two stitches.

The state points to evidence that, contrary to Coleman's testimony, he arrived at the victim's residence carrying the knife, and argues that, in any event, he stabbed the victim when he was no longer in any danger from the victim, and stated that he had killed the victim because she had been seeing another man. The state argues that the evidence proves malice murder and is insufficient to prove voluntary manslaughter.

We agree that the evidence, and reasonable inferences therefrom, viewed in the light most favorable to the state, would authorize a conviction for malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, we cannot agree that the evidence may not reasonably be construed to support a finding of voluntary manslaughter.

" 'On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury.' " *Henderson v. State*, 234 Ga. 827, 832 (218 SE2d 612) (1975).

It is not necessary to a voluntary-manslaughter theory that Coleman should have been acting in self-defense when he stabbed the victim. See *Gregg v. State*, 233 Ga. 117 (2) (210 SE2d 659) (1974). Nor is evidence that Coleman was motivated, in part, by the victim's conduct with another man inconsistent with a theory of voluntary manslaughter. See *Brooks v. State*, 249 Ga. 583 (292 SE2d 694) (1982).

Coleman should have been allowed to present to the jury a theory

that he was guilty of voluntary manslaughter rather than malice murder. The court erred by refusing Coleman that opportunity by refusing to charge on voluntary manslaughter.

2. Under Rule III (B) (4) of the Unified Appeal Procedure, the trial court "*shall* poll the sentencing jury as to the verdict if the verdict is death." 252 Ga. at A-24 (emphasis supplied).

A poll of the jury as to a guilty verdict is not mandated unless requested, but if it is timely requested, the court *must* poll the jury. Failure to do so is reversible error. *Maddox v. State*, 233 Ga. 874 (2) (213 SE2d 654) (1975). Such a request is not timely if made "after the jury disperses . . . or after sentence is passed." *Favors v. State*, 234 Ga. 80, 88 (6) (214 SE2d 645) (1975) (citations omitted). (But a defendant may be entitled to a new trial if the judge pronounces sentence before the defendant has time to demand a poll of the jury. *McCullough v. State*, 10 Ga. App. 403 (7) (73 SE 546) (1912).)

In this case the jury returned its verdict at 11:59 a.m. The trial court immediately sent the jury to lunch. After the jury had left, the defendant asked that the jury be polled. The trial court ruled that the request was untimely. We cannot agree with this ruling.

The request did not come after the jury had been dispersed. On the contrary, the jury had only been sent to lunch. It was still the jury in the case, and further proceedings were to begin immediately after lunch. Moreover, no sentence had yet been imposed. See *Favors*, supra at 88-89 ("The reason the passing of sentence cuts off the time for polling the jury is that a juror may be affected by the [court's] announcement of the sentence. [Cit.]").

Finally, it is questionable whether Coleman had a reasonable opportunity to request a poll of the jury before it was sent to lunch. In any event, the request was not untimely, and the jury should have been polled upon its return from lunch.

3. The remaining enumerations of error need not be addressed.
*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 7, 1986.

*Robert H. Reeves,* for appellant.
*John R. Parks, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.