## 73601. VASQUEZ v. THE STATE.
(357 SE2d 302)

Beasley, Judge.

Defendant was convicted of armed robbery (OCGA § 16-8-41 (a)), and complains of the introduction of a similar act and the court's failure to give certain jury charges.

The victim testified that a lone gunman came into The Winery liquor store on October 30, 1985, at about 10:00 p.m., brandishing a .357, and told her to put her hands up and turn around. He then took the cash drawer from the cash register. She could see him in the reflection of the window while turned around and positively identified him from a photo spread and at trial. She also described him as a Spanish or Cuban male, with a clean shaven face, wiry black hair, and a heavy accent. She saw him drive away in a two tone silver/blue four-door Ford hatchback with the lights off.

Out of the jury's presence, the court conducted a hearing on the independent crime, which had occurred nine days earlier on October 21 in Marietta. A lone gunman approached a cashier at a convenience food shop while the manager was getting supplies from the adjacent storeroom. The robber demanded the keys to the store and walked the manager there. He then directed him to open the cash drawer, reached in and took the money. The manager, who participated in the preparation of a composite sketch of the robber, described the gun as a .22 and the robber as a clean shaven man with a sort of afro and as Venezuelan. He saw the robber leave in a two-tone hatchback from which he obtained 5 of the 6 digits of the license plate. The car was registered to defendant and was a blue/silver Ford hatchback. The Cobb officers testified that they showed a pictorial spread to the victim, consisting of 5 black males and the defendant. They stated that although they had access to a few other Hispanic males, the features did not match defendant's so they instead used black males with similar facial features. The victim stated that he did not recall being shown the spread but positively identified defendant at trial. In addition to the visual identification, the victim in the separate incident stated "that's him" when defense counsel asked the defendant to speak the words used by the robber.

1. The objection voiced there is that the photo spread was impermissibly suggestive so that the earlier victim's identification of defendant as the perpetrator of the earlier robbery was invalid. This, he urges, eliminates the evidence of the earlier robbery because the iden-

tification prerequisite for admissibility is fatally infected. See *Johnson v. State*, 246 Ga. 654 (1) (272 SE2d 321) (1980), for the test of admissibility.

As acknowledged by defendant on appeal, no motion to suppress was filed concerning the questioned line-up. Neither was any objection voiced at trial to the in-court identification by the earlier victim. The only objection made was during the court's hearing on the admissibility of the "like act," during which defendant pointed out that the DeKalb line-up was much better and merely asked the judge "to consider that [i.e., the nature of the photo spread] when you determine the identification of Mr. Pack [the Cobb victim] . . ."

Having made no motion to suppress or objection to the in-court identification, any objection in this regard to the photo spread has been waived. *Laidler v. State*, 180 Ga. App. 213, 214 (1) (348 SE2d 739) (1986); *Davis v. State*, 180 Ga. App. 573, 575 (3) (349 SE2d 805) (1986).

Moreover, the question of admissibility of the other act being for the court, *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), it cannot be said as a matter of law that the photo spread, which we have viewed, was impermissibly suggestive. In addition, the convenience store victim's identification was sufficiently established. *Cawthon v. State*, 119 Ga. 395, 409 (46 SE 897) (1904). He had provided information for a composite before seeing the spread, he had no recall of having even seen the spread, he identified the accused in court without hesitation, and he recognized his voice. Positive, direct evidence is not determinative of admissibility; circumstantial evidence may be utilized to establish a prior similar offense. *Miller v. State*, 179 Ga. App. 100 (1) (345 SE2d 647) (1986); *Smith v. State*, 154 Ga. App. 497, 499 (1) (268 SE2d 714) (1980). There is no merit to this enumeration.

2. In his second and third enumerations, defendant complains that two of his requested jury instructions were not given. He did object on this basis below. The judge did give, verbatim, his request # 15, and there is therefore no error with regard to the second enumeration.

Defendant also complains of the failure to give the following: "I charge you that the position a witness occupies, such as a police officer, does not in itself give greater weight and credit to his testimony over the testimony of any other witness in the case." The case cited in support of this proposition, *Faust v. State*, 222 Ga. 27 (148 SE2d 430) (1966), does not, as urged by defendant, support the giving of the requested charge. Rather, it was reversible error for the judge to charge affirmatively that the jury, in determining credibility, was authorized "to look to . . . the position he [witness] occupies . . . ." The only witness for the state was a police officer.

Here, the trial court gave the Suggested Pattern Jury Instruc-

tions charge on the credibility of witnesses. In this case, it was sufficient. We find no authority supporting the requested jury instruction or regarding as reversible error the failure to give it. See *Pratt v. State*, 180 Ga. App. 389, 391 (2) (348 SE2d 922) (1986).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 13, 1987.

*William T. Hankins III*, for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, Michael McDaniel, Assistant District Attorneys*, for appellee.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*