## 74571. JACKSON v. THE STATE.
### (361 SE2d 14)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged her with aggravated assault. After deliberating for less than three hours, the jury reported that it was unable to reach a verdict. The trial court gave an "Allen charge" and sent the jury back for further deliberations. Shortly thereafter, the jury returned a verdict of guilty. After the verdict was published, the trial court proceeded directly to the sentencing phase without dispersing the jury, and counsel for both appellant and the State presented factors for the trial court to consider in rendering its sentence. Immediately after the sentence had been pronounced, appellant's counsel requested a poll of the jury. The poll was conducted and, appellant's counsel having made no further objection or motion, the jury was excused. Appellant appeals from the judgment and sentence entered on the jury verdict.

Based upon events which occurred during the jury poll, appellant enumerates as error the trial court's failure to order, on its own motion, further jury deliberations. A request for a jury poll is not timely if it is made " 'after sentence is passed.' [Cit.] (But a defendant may be entitled to a new trial if the judge pronounces sentence before the defendant has time to demand a poll of the jury. [Cit.])" *Coleman v. State*, 256 Ga. 306, 308 (2) (348 SE2d 632) (1986). See also *Favors v. State*, 234 Ga. 80 (6) (214 SE2d 645) (1975). Thus, insofar as appellant failed to avail herself of the opportunity to request a poll prior to the actual pronouncement of sentence, the trial court would have been authorized to refuse the request as untimely. However, insofar as the trial court did grant the untimely request, we will address the merits of appellant's enumeration.

Assuming without deciding that the poll revealed that one of the twelve jurors expressed uncertainty as to the guilty verdict in this case, " '[t]he proper motion would have been, that the verdict be not received and the jury be directed to retire to their room for further deliberation on the case.' " *Mills v. State*, 160 Ga. App. 49 (2) (286 SE2d 55) (1981). Thus, it was incumbent upon appellant's counsel to move for further deliberations and, absent such a request, the trial court was not required to order such deliberations. By failing to make any motion during or following the jury poll, appellant waived any objection to the trial court's reception of the verdict. See generally *Tucker v. State*, 252 Ga. 263 (312 SE2d 300) (1984).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*George A. Zettler*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *John E. Morse, Jr.*, Assistant District Attorney, for appellee.