## 45447. PACE v. THE STATE.
(367 SE2d 827)

HUNT, Justice.

Dexter Nathaniel Pace was found guilty but mentally ill for the murder of his brother, Oscar Pace, in Gwinnett County. He was given a life sentence and appeals.[1] He raises two enumerations of error: (1) that the trial court erred in failing to give his requested charge on voluntary manslaughter and (2) that the trial court shifted the burden of proof to him by charging that the use of a deadly weapon gives rise to an inference of an intent to kill without also charging that inference could be rebutted.

The defendant, who had recently been frustrated by his lack of success in obtaining a job, became angered when his brother, while stating that the power would be cut off in their mother's home the next day, implied that the defendant had not been paying his share of the family bills. When the victim refused to go outside to settle their differences, the defendant went into his bedroom, came back and produced a gun from his pocket. After shooting his brother five times, the defendant immediately called the police and an ambulance. Evidence was presented at trial that the defendant is borderline-retarded and suffers from agitated depression. The jury found him guilty but mentally ill.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant complains that the trial court should have given his requested charge on voluntary manslaughter. It is a question of law for the courts to decide whether the defendant presented any evidence to support a finding that he acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person;. . ." OCGA § 16-5-2 (a). *Henderson v. State*, 234 Ga. 827, 831 (218 SE2d 612) (1975).

As the defendant, himself, stated:

He said that [the lights] were going to be cut off tomorrow. [The victim] said that we weren't helping him pay the bills.

---

[1] The victim died on January 31, 1986, and the defendant was indicted on March 19, 1986 and convicted on August 27, 1986. His motion for new trial was filed the next day, but was orally denied on January 18, 1988, and filed on January 20, 1988. The defendant filed his notice of appeal on January 19, 1988; the appeal was docketed here on February 2, 1988, and submitted for decision on March 18, 1988.

. . . That made me mad and I jumped up. We started passing a few words. I had a lot of pressure on me and I just popped. I had on some paratrooper pants and I had my gun in my right pocket. The gun is a .25 automatic. . . . I pulled the gun out and started shooting him. I think I shot him 6 times. He just looked at me. He fell down and just looked at me.

Unlike the facts in *Coleman v. State*, 256 Ga. 306, 307 (348 SE2d 632) (1986), and in *Henderson v. State*, supra, 234 Ga. at 827, relied upon by the defendant, there was no evidence of provocation or of a mutual intent to fight beyond, perhaps, mere words. We have held many times that

words alone, regardless of the degree of their insulting nature, will [not] in any case justify the excitement of passion so as to reduce the crime from murder to manslaughter, where the killing is done solely on account of the indignation aroused by use of opprobrious words.

*Brooks v. State*, 249 Ga. 583, 585-86 (292 SE2d 694) (1982); *Coleman v. State*, 149 Ga. 186, 188 (99 SE 627) (1919). Accord *Hunter v. State*, 256 Ga. 372, 373 (349 SE2d 389) (1986).

Thus, we conclude as a matter of law that these facts do not present the necessary evidence of sufficient provocation to excite the passions of a reasonable person which would have entitled the defendant to a charge on voluntary manslaughter, and find no error. *Partridge v. State*, 256 Ga. 602 (4) (351 SE2d 635) (1987); *Brennon v. State*, 253 Ga. 240, 241 (319 SE2d 841) (1984).

3. The defendant next contends that the trial court's charge unconstitutionally shifted to him the burden of proving a lack of criminal intent. At trial, he presented the defense that due to his mental condition he could not have formed the criminal intent to kill his brother, an essential element of murder. Thus, he contends that the trial court's charge, inferring the intent to kill from the use of a deadly weapon, shifted to him the burden of proving lack of intent and negated his defense. The trial court charged:

. . .you may infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of his intentional acts. And if a person of sound mind and discretion intentionally and without justification uses a deadly weapon or instrumentality in the manner in which such weapon or instrumentality is ordinarily used, and thereby causes the death of a human being, you may infer the intent to kill. Whether or not you make any such infer-

ence in the case or draw any such inference from the evidence in this case is solely a matter within the discretion of you, ladies and gentlemen.

The trial court, in addition to charging on malice, the presumption of innocence, and the burden of proof, also charged that:

. . .intent is an essential element of any crime and must be proved by the state beyond a reasonable doubt. I charge you that a person will not be presumed to act with criminal intent, but the trier of the facts, and that is you, members of the jury, may find such intention or the absence thereof upon the consideration of the words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused is being prosecuted.

Considering, as we must, the charge as a whole, *Hambrick v. State*, 256 Ga. 688, 690 (353 SE2d 177) (1987), we do not find the charge constitutionally defective. *Crawford v. State*, 256 Ga. 585, 588 (351 SE2d 199) (1987). *Trenor v. State*, 252 Ga. 264, 266 (313 SE2d 482) (1984), and *Johnson v. State*, 249 Ga. 621, 623 (292 SE2d 696) (1982), relied upon by the defendant, are distinguishable. There, the jury was instructed that criminal intent could be *presumed* from the use of a deadly weapon. The jury was not informed that the presumption could be rebutted as required by *Hosch v. State*, 246 Ga. 417 (3) (271 SE2d 817) (1980). The defendant argues that *Hosch*, supra, requires a charge that any *inference* could be rebutted. We disagree. Here, the jury was told that the decision whether or not to draw an inference was entirely up to them. In *Thompson v. State*, 257 Ga. 481, 483 (361 SE2d 154) (1987), this court approved just such a charge.

We find no cause for reversal and affirm the sentence of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1988.

*Larry L. Duttweiler,* for appellant.
*Thomas C. Lawler III, District Attorney, Phil Wiley, Allyson F. Baillus, Assistant District Attorneys, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.