76482. LOCKLEER v. THE STATE.
(372 SE2d 663)

BEASLEY, Judge.

Defendant appeals his conviction of three counts each of rape, OCGA § 16-6-1 (a), and burglary, OCGA § 16-7-1 (a), for entering the homes of three women, raping them, and taking things of value.

1. Upon returning its verdict, the jury was polled. One juror stated that the verdict was not hers. Another stated that the verdict was his, with the recommendation for a psychiatric examination. The judge explained to the second juror that sentencing was solely the court's responsibility. The judge instructed the jury again on the unanimity requirement, and sent them back to deliberate further. After

doing so, they returned a unanimous verdict and, upon being polled, each member affirmed the verdict as his or her own.

At the time, defendant voiced no objection to this procedure. Now, defendant argues that the court should have sua sponte granted a mistrial, or gone further in "correcting and discussing this matter with the jurors. . . ." although defendant does not indicate the course the discussion should have taken.

A motion for mistrial is not appropriate in such a situation, even if requested by defendant. *McKinney v. State*, 174 Ga. App. 78, 79 (3) (329 SE2d 258) (1985); *Mills v. State*, 160 Ga. App. 49 (2) (286 SE2d 55) (1981); *Rosser v. State*, 156 Ga. App. 463, 464 (2) (274 SE2d 812) (1980).

The court followed the proper procedure in sending the jury back to deliberate further, although not requested to do so by defendant. *Jackson v. State*, 184 Ga. App. 123 (361 SE2d 14) (1987); *Rosser v. State*, supra. The explanation adequately instructed the jury so that its ultimate verdict cured the original defects.

2. At trial, defendant objected to the introduction of certain State exhibits on the ground that an inadequate chain of custody was shown. These exhibits consisted of rape kits for each of the three victims, a separate blood sample taken from one victim, and a rape kit from defendant. These kits consisted of vaginal swabs, blood samples, and combings from the women and blood samples and combings from defendant. Officer Bryant, who investigated these rapes, died before trial. He had transported some of the exhibits to the State Crime Lab for analysis. All other persons in the chain of custody testified, and the entire chain was proven as to two exhibits. All of the exhibits were received at the lab sealed in their containers. When the defendant's kit was delivered by Bryant to the lab, he was accompanied by Officer Smith, who testified.

In order to prove chain of custody of a fungible item, it is not necessary to have every individual who touched the sample testify. *Rucker v. State*, 250 Ga. 371, 373 (1) (297 SE2d 481) (1982). It is sufficient to show that "the blood sample [was] handled in a normal course of testing and [that] nothing in the record raises a suspicion that the blood tested was other than that taken from the defendant [and the victims]. . . ." *Rucker*, supra. Reasonable assurance of the identity of the samples having been shown and there being no evidence of tampering, it was not error to admit them. *Cunningham v. State*, 255 Ga. 35, 37 (5) (334 SE2d 656) (1985); *Johnson v. State*, 184 Ga. App. 745 (1 a) (362 SE2d 450) (1987).

3. Defendant also complains of the trial court's allowance of the testimony of one of the chain of custody witnesses whose name did not appear on the list provided under OCGA § 17-7-110. While the witness apparently was not on the formal list supplied by the State,

the State opened its file to defendant's counsel several days before trial and the witness' name was on one of the property slips. Defendant voiced no objection to the testimony of the witness before she testified and was cross-examined. This objection was too late and preserved nothing for our review. *Cape v. State*, 246 Ga. 520, 524 (5) (272 SE2d 487) (1980); *Warren v. State*, 185 Ga. App. 108, 110 (3 a) (363 SE2d 357) (1987).

4. Denial of his motion for new trial on the general grounds is cited as error. Considering the sufficiency of the evidence, the only thing presented for our review on this ground, *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988), we find it legally sufficient. Defendant argues that the convictions are based only on eyewitness testimony and, therefore, are inherently suspect.

This was not, however, the only evidence. One of defendant's fingerprints was found on the broken window used to gain entry to the apartment of one victim. Defendant admitted to one of his friends that he had committed a rape at the apartment complex of another victim. As to the third, her blood type was A while defendant's was B. Sperm from a type B secreter was found in her vagina and type A blood was found on defendant's jacket.

5. Defendant claims error in the trial court's refusal to give "instructions that defendant requested" as set out in the transcript. After the court charged the jury and asked if there were objections, counsel for defendant objected to the court's failure to give the "requested instructions" and read into the record all eleven of them. The paragraph in support of the enumeration here does not elaborate further, but merely contends that the requested charges were necessary because the charge as given was an inadequate statement to the jury of the law applicable to the case.

The enumeration is not argued and supported by citation of authority as required by Rule 15 (c) (2) and is deemed abandoned. *Boyce v. State*, 184 Ga. App. 578, 580 (8) (362 SE2d 229) (1987). We have examined the charge under the aegis of OCGA § 5-5-24 (c) and we find no substantial error. The charge as given included the substance of all of defendant's requests to charge except numbers 1 and 9. As to all but these two, this was sufficient. *Gay v. Rome*, 157 Ga. App. 368, 370 (3) (277 SE2d 741) (1981). Number 1 is a request to charge the somewhat discredited "two theories" principle. Here, the charges were proven by direct as well as circumstantial evidence and the charge was thus not appropriate. *Wilkerson v. State*, 183 Ga. App. 26, 27 (2) (357 SE2d 814) (1987); *Hill v. State*, 183 Ga. App. 654, 659 (5) (360 SE2d 4) (1987). Number 9 dealt with not giving added credibility to the testimony of a police officer due to his position. The court gave the Suggested Pattern Jury Instructions of credibility of witnesses, which was sufficient. *Vasquez v. State*, 182 Ga. App. 850,

851 (2) (357 SE2d 302) (1987).
*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 7, 1988.

*E. Ronald Garnett*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.