A90A1116. SHARP v. THE STATE.
(397 SE2d 186)

BEASLEY, Judge.

Defendant was convicted of armed robbery. OCGA § 16-8-41 (a).

1. He first enumerates that he was erroneously deprived of a directed verdict.

Viewed in favor of the verdict, the evidence showed that defendant and co-defendant Isham were visiting the Marshall apartment when Ms. Parker, age 14, called Isham around midnight for his girl

friend's phone number. Isham asked her to order two pizzas and twelve soft drinks and have them delivered to vacant apartment 3115-A. Shortly thereafter, defendant, carrying an aluminum baseball bat, and Isham, carrying a toy Uzi, left Marshall's apartment.

The pizza delivery man was leaving the vacant apartment when he was ordered to place the food and his money on top of his car. He identified Isham as the man with the gun. When he arrived, he saw a second man sitting nearby. Although he could not make an identification, he did describe clothing, which matched defendant's. The delivery man was told to walk away after leaving the pizzas and $30. As he was doing so, the second man ran up behind him and swung a metal object at him.

Defendant and Isham returned to the apartment, Isham with a pizza and the gun, and defendant with the bat and approximately $30, which he showed to those present. One of the occupants took defendant and Isham to get beer. When they returned and saw police, defendant asked to be let out of the car and left.

The evidence was sufficient to withstand the motion for directed verdict *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984); *Lobdell v. State*, 256 Ga. 769, 773 (7) (353 SE2d 799) (1987); *Castillo v. State*, 166 Ga. App. 817, 819 (305 SE2d 629) (1983).

2. Defendant moved for a new trial. One ground was Isham's post-trial statement that someone other than defendant was the robber.

Isham gave two statements to the police which contended that defendant was the robber with the gun and that he merely watched. He then wrote a letter to the district attorney, claiming he knew the robbery was being planned, but did not participate. At trial he testified in his own defense and disclaimed any knowledge of the entire incident, contending that he was babysitting that evening. In mid-trial, he pled guilty to robbery and testified again, claiming he and defendant committed the robbery, but he was the one with the bat and defendant stuck the toy gun in the man's back.

On the motion for new trial, Isham said all his previous statements were lies, that in fact a third individual had committed the robbery and neither he nor defendant participated although he, Isham, had known it was going to occur.

"The law is settled that a post-trial declaration by a State's witness [including a co-defendant] that his former testimony was false is not a ground for a new trial." *Drake v. State*, 248 Ga. 891, 894 (1) (287 SE2d 180) (1982). *Moore v. State*, 254 Ga. 525, 531 (4) (330 SE2d 717) (1985). There was no error in refusing to accept Isham's latest version of the incident as casting a doubt on the correctness of the verdict and constituting a mandate for a new trial.

3. Isham's first two' statements were redacted, with defendant's acquiescence, to remove any reference to defendant by name. They were introduced during the State's case. Isham then chose to testify in his own defense and was cross-examined, identifying defendant as his accomplice. Defendant moved for a mistrial, contending that introducing the redacted statement and then Isham's testifying led the jury to believe something had been hidden from them and was prejudicial to defendant.

To the degree that the motion and enumeration as briefed contend that the process was "prejudicial" to defendant, they are too vague to present a question for determination. *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987). To the degree that they raised a right to confrontation or fair trial based on denial of a mid-trial request to sever, these issues have been determined adversely to defendant. OCGA § 17-8-4; *Depree v. State*, 246 Ga. 240, 242 (1) (271 SE2d 155) (1980).

4. Finally, defendant alleges that the failure of the court to give his requested jury charge cautioning that a police officer's testimony should not be given undue weight due to his position was error. It was an opposite paraphrase of the charge ruled erroneous in *Faust v. State*, 222 Ga. 27, 28 (1) (148 SE2d 430) (1966). But see *Vasquez v. State*, 182 Ga. App. 850, 851 (2) (357 SE2d 302) (1987). The court gave the Suggested Pattern Jury Instruction on credibility of witnesses which alone would have sufficed. *Whiteley v. State*, 188 Ga. App. 129, 132 (4) (372 SE2d 296) (1988). The court also instructed that a "person's" position should not give greater force to testimony, simply generalizing defendant's requested charge, which had targeted the police officer. There was no error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 11, 1990.

*John D. McCord III, John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, John H. Petrey, Assistant District Attorneys*, for appellee.