### A03A0866. BRIDGES v. THE STATE.
(589 SE2d 616)

Ruffin, Presiding Judge.

Following a bench trial, the trial court found Wade Bridges guilty of possessing methamphetamine, driving under the influence, operating a motor vehicle without proof of insurance, and failing to wear a seat belt. On appeal, Bridges contends the trial court erred in

excluding certain evidence and in concluding that his car was properly stopped. As Bridges' contentions lack merit, we affirm.

Viewed in a light most favorable to the verdict,[1] the evidence demonstrates that on April 3, 2002, Deputy John Mabry of the Bleckley County Sheriff's Office saw Bridges, who was not wearing a seat belt, drive by in a car. Thus, Mabry decided to pull Bridges over for a traffic violation. After Mabry stopped Bridges, he walked up to the car and asked Bridges for his license and insurance. According to Mabry, Bridges was unable to provide proof of valid insurance for the car that he was driving.

Mabry testified that Bridges' "eyes were extremely red and glossy [sic]" and that he was reaching down under the car seat. To ensure his safety, Mabry had Bridges exit the car, and he asked Bridges if he could pat him down. Bridges agreed, and Mabry discovered a knife in his back pocket. At that point, Mabry arrested Bridges and placed him in the patrol car. Mabry then had a K-9 unit perform a free air search of the car, and the dog alerted. A subsequent search of the car yielded a bag containing methamphetamine. Bridges was then tested for drug use, and he tested positive for methamphetamine.

1. Bridges proceeded pro se at trial, and he attempted to question Bleckley County Sheriff Harold Lancaster about a drug investigation involving Bridges' brother. When the State objected on relevancy grounds, Bridges asked if he could "enter some exhibits." Apparently, Bridges believed that Mabry pulled him over for a reason other than the seat belt violation. According to Bridges, the exhibit, which apparently was a police report regarding a drug raid at his shop, would have called Mabry's credibility into question regarding his true reason for stopping Bridges. Because Sheriff Lancaster had not authored the report and Bridges was unable to lay a foundation for its admissibility, the trial court excluded the document. By way of explanation, the trial court told Bridges that "[h]earsay, the words of someone else, . . . is not admissible in court."

On appeal, Bridges contends that the trial court erred in excluding the evidence as hearsay. Specifically, Bridges argues that he did not attempt to enter the report "to prove the truth of the matter asserted in the report[ ], but to show that this event occurred at approximately the same time a short distance from the stop of the Appellant." We find Bridges' argument unpersuasive for multiple reasons, three of which we shall mention here.

First, we note that, when he attempted to tender the police report, Bridges did not argue that it came within any exception to the

---

[1] See *Gibbs v. State*, 257 Ga. App. 38 (1) (570 SE2d 360) (2002).

hearsay rule. Thus, Bridges raises this argument for the first time on appeal, which precludes our review of the argument.[2] Second, the reason Bridges attempted to introduce the report — to show when the drug raid took place — is hearsay. Contrary to Bridges' contention on appeal, he did offer the report for the truth of the matter asserted, namely, that the raid took place. Accordingly, the trial court did not err in excluding the document.[3] Third, the trial court excluded the report on two bases: hearsay *and* lack of foundation. Although Bridges challenges the hearsay ruling, he does not contend that he laid a proper foundation for the admission of the report. And where, as here, no foundation is laid, the trial court does not err in excluding the report.[4] It follows that this enumeration of error presents no basis for reversal.

2. In his second enumeration of error, Bridges contends that "the trial court erred in ruling that the State proved [his guilt] beyond a reasonable doubt . . . when the initial traffic stop was improper." Bridges further maintains that, because the stop was improper, all evidence obtained after the stop should have been excluded. However, our review of the record discloses that Bridges neither filed a pre-trial motion to suppress, nor otherwise objected to the admission of the inculpatory evidence. Thus, he has waived any allegation of error in this regard.[5]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED OCTOBER 31, 2003.

*Smith & Cannon, Chester L. Cannon, Jr.,* for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney,* for appellee.

---

[2] See *Waddell v. State*, 224 Ga. App. 172, 174 (2) (480 SE2d 224) (1996).
[3] See *Roseberry v. State*, 251 Ga. App. 856, 857 (2) (554 SE2d 816) (2001).
[4] See *Jenkins v. State*, 219 Ga. App. 339, 341-342 (2) (465 SE2d 296) (1995).
[5] See *Pippins v. State*, 204 Ga. App. 318, 319 (2) (419 SE2d 28) (1992) ("By electing not to pursue [a] motion to suppress prior to trial, and failing to thereafter raise it or otherwise object to the evidence sought to be excluded, the defendant waived any objection to the evidence on grounds that it was the fruit of an illegal arrest."); see also *Vasquez v. State*, 182 Ga. App. 850, 851 (1) (357 SE2d 302) (1987) (defendant waived objection to allegedly suggestive photographic lineup by failing to either file a motion to suppress or object at trial).