A03A2030. MILLER v. THE STATE.
(593 SE2d 943)

ADAMS, Judge.

Henrietta Miller was tried and convicted of aggravated battery for setting a person on fire. On appeal she contends that the evidence was insufficient to support the verdict and that the trial court did not react properly to one juror's response to a polling of the jury.

1. Evidence was presented to show that on the afternoon of October 27, 2001, Miller told Elmira Parrott, the victim's sister, that she was going to take a bottle of gas and pour it on Issac Mitchell wherever she could find him. Miller also showed Parrott a soda bottle filled with gas that she had in her car. Miller then drove off and later appeared at the home of Jimmy Gresham, Mitchell's cousin, where several people were visiting, including Mitchell.

Mitchell had arrived earlier and was inside the house. Miller arrived, blew her horn, and parked in front of the home. Miller then asked another person to ask Mitchell to come outside. Mitchell initially refused but then went out to meet with Miller. Mitchell's aunt, who was looking out of her window at the time, saw Mitchell approach Miller and then saw Miller pouring the contents of a bottle over Mitchell's head. She also saw Miller "going in her pocket," immediately after which Mitchell went up in flames. Miller made no

attempt to aid Mitchell as others hurried to put out the flames. On the way to the hospital, a paramedic heard Mitchell say, "Why did she do it?" Mitchell was severely burned and spent five months in the hospital.

At trial, Mitchell testified that he had been playing with gas, and a cigarette lighter "went off." He denied that Miller set him on fire and claimed that he struck the lighter. He testified that he was drunk at the time. He did, however, admit that Miller poured gasoline on him.

Miller's attempt to show her innocence by relying on the circumstantial evidence rule of OCGA § 24-4-6 necessarily presumes that the evidence was entirely circumstantial, which it was not. See *Lane v. State*, 255 Ga. App. 274, 276 (564 SE2d 857) (2002). See also *Barela v. State*, 271 Ga. 169, 171 (517 SE2d 321) (1999) ("When the evidence is entirely circumstantial . . . a conviction will be sustained only if the proven facts are both consistent with the hypothesis of guilt, and also exclude every other reasonable hypothesis except the guilt of the accused."). Here, there was direct evidence that Miller said she was going to set Mitchell on fire, that Miller was present and poured the gasoline, that Miller reached in her pocket for something just before the fire started, and that Mitchell questioned why Miller had done it. Construed in favor of the verdict, the evidence was sufficient to support the verdict under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. When polled by the trial court after the guilty verdict, one juror stated that his verdict "was made, but not freely." The court followed up: "All right. I want you to speak up a little bit, and I'm going to ask you that question. Was your verdict freely and voluntarily made by you? And I need a 'yes' or 'no' answer on that." The juror responded, "No." In response the court adjourned the trial and instructed the jury to return at 8:45 to "continue deliberations for a reasonable period of time." Miller did not object to this procedure. The following morning the jury returned a verdict after about 30 minutes of deliberation and was polled again. This time, all of the jurors indicated that their verdict was freely and voluntarily given.

Miller contends on appeal that the court should have inquired further into the basis of the juror's remarks. We first note that Miller did not object to the procedure followed by the court. Secondly, "[t]he trial court followed proper established procedure when the jury was ordered to resume deliberations after determining the verdict was not unanimous. [Cits.]" *Rosser v. State*, 156 Ga. App. 463, 464 (2) (274 SE2d 812) (1980), aff'd on separate grounds, *Dean v. State*, 247 Ga. 724 (279 SE2d 217) (1981). See also *Lockleer v. State*, 188 Ga. App. 271, 272 (1) (372 SE2d 663) (1988).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 3, 2004.

*Timothy L. Lam,* for appellant.
*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney,* for appellee.